**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
Jordan Belcastro (SBN 339570)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jbelcastro@nicholaslaw.org

Attorneys for Plaintiffs, SETH SENECA and LISA ANDOH,
on behalf of themselves and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH SENECA, an individual, and LISA ANDOH, an individual, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>HOMEAGLOW, INC. D/B/A DAZZLING CLEANING, a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 8:23-cv-02308-JVS-ADS<br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1) UNFAIR BUSINESS PRACTICES [BUS. & PROF. CODE, §§ 17200, *ET SEQ.*];**<br><br>**(2) VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW [BUS. & PROF. CODE, §§ 17500, *ET SEQ.*];**<br><br>**(3) VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT [CIV. CODE, §§ 1750, *ET SEQ.*];**<br><br>**(4) BREACH OF CONTRACT;**<br><br>**(5) CONVERSION;**<br><br>**(6) UNJUST ENRICHMENT;**<br><br>**(7) NEGLIGENT MISREPRESENTATION; AND**<br><br>**(8) IMPOSITION OF AN ILLEGAL PENALTY [CIV. CODE, § 1671].**<br><br>**DEMAND FOR JURY TRIAL** |

SETH SENECA and LISA ANDOH ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Defendant HOMEAGLOW, INC. D/B/A DAZZLING CLEANING, a Delaware corporation ("Homeaglow" or "Defendant"), and allege on information and belief as follows:

## I. INTRODUCTION

1. Defendant Homeaglow is an on-demand cleaning services company. Homeaglow operates two near identical websites: https://www.homeaglow.com/ and https://www.dazzlingcleaning.com/ (the "Websites"). It is through the Websites that consumers may book cleaning services with Homeaglow.

2. Appearing prominently on the Websites is an advertisement to "Get Clean for $19," promising "a limited number of deeply discounted cleanings in select areas just for trying us out." https://www.homeaglow.com/. However, Homeaglow fails to mention that when a consumer books a discounted cleaning, they are also charged $49.00 per month for an automatically-renewing membership called the ForeverClean Membership. The Membership is deceitfully imposed upon consumers as part of what the consumer understands to be a one-off transaction for a single discounted cleaning. The terms and conditions of the Membership are not presented to the consumer in a clear and conspicuous manner; such that consumers do not give their informed consent to enrollment in the Membership.

3. Furthermore, Homeaglow imposes a liquidated damages clause in the form of an early termination fee as part of the consumer contracts it makes with its customers. In short, and as explained further below, Homeaglow's early termination fee amounts to an illegal, thus void, penalty under California Civil Code, section 1671(d). The early termination fee is illegal because, among other reasons, it is excessive, and bears no relation to any actual damages incurred by Defendant when a consumer cancels their ForeverClean Membership. *See e.g.*, Cal. Civ. Code § 1671(d); Restatement (Second) of Contracts § 356(1) (Am. Law. Inst. 1981).

4.     This Class Action seeks recovery on behalf of Plaintiffs and other similarly situated consumers in California for violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act; breach of contract; conversion; unjust enrichment; negligent misrepresentation; and imposition of an illegal penalty under California Civil Code, section 1671.

## II.    JURISDICTION & VENUE

5.     This case has been removed to federal court on the ground that federal diversity jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1146.

## III.    PARTIES

6.     Mr. Seneca is and at all relevant times was a resident of California. Mr. Seneca personally purchased a discounted cleaning and, consequentially, a ForeverClean Membership from Homeaglow. When Mr. Seneca purchased the discounted cleaning from Homeaglow, he believed he was engaging in a one-time transaction and was unaware he was being signed up for the ForeverClean Membership. Mr. Seneca would not have purchased the discounted cleaning had he known these facts.

7.     Ms. Andoh is and at all relevant times was a resident of California. Ms. Andoh personally purchased a discounted cleaning and, consequentially, a ForeverClean Membership from Homeaglow. Ms. Andoh also paid the Membership's early termination fee. When Ms. Andoh purchased the discounted cleaning from Homeaglow, she believed she was engaging in a one-time transaction and was unaware she was being signed up for the ForeverClean Membership. Ms. Andoh would not have purchased the discounted cleaning had she known these facts.

8.     Homeaglow, Inc. d/b/a Dazzling Cleaning is a Delaware corporation with a principal business address at 600 Congress Ave., Floor 14, Austin, TX 78701.

/ / /

/ / /

## IV.    GENERAL ALLEGATIONS

**A.    Homeaglow Disguises a One-Off Cleaning Purchase as a Recurring, Paid Membership**

9.    Homeaglow holds itself out as "a top-rated home service dedicated to making your space clean & tidy." https://www.dazzlingcleaning.com/deal#step1. Homeaglow is "currently operating in 50 cities throughout the U.S. and ha[s] served 200,000+ customers." *Id.* In offering an on-demand home cleaning service, Homeaglow prominently advertises on its Websites and other advertising mediums like online and social media advertising that potential customers may receive a limited voucher for a discounted home cleaning for $19. *See e.g.*, https://www.homeaglow.com/ ("Get Clean for $19" posted prominently); https://www.dazzlingcleaning.com/ (same).

10.    Consumers seeking to book the advertised, one-off, discounted cleaning with Homeaglow must then navigate to one of the Websites. The Websites similarly represent a promotion to "Get Clean for $19." Homeaglow explains that this discount is "limited [in] number" and is "just for trying us out." https://www.homeaglow.com/. As such, a consumer booking a cleaning has no expectancy that they are starting an on-going membership with Homeaglow.

11.    After a consumer clicks on the promotion to "Get Clean for $19," they are taken to a page which states "Get A Voucher" and provides options ranging from 2 hours to 6 hours of cleaning at a discounted rate. At the top of the page states the number of vouchers (*i.e.*, discounted cleanings) remaining and the time left to book the discounted cleaning. The time left to book is in bright red font that counts down as the prospective customer stays on the webpage, increasing the urgency placed on consumers. Upon information and belief, Homeaglow fictitiously imposes the number of vouchers remaining and time left to book in order to fabricate scarcity of the vouchers and invoke urgency on the consumer to book the cleaning. The consumer

rushes to the next stage by clicking "Get Clean!" and selecting the time desired for the cleaning.

12.     Next, the consumer must enter an email address and their zip code. Here, Homeaglow provides a simple overview of "How Homeaglow Works": (1) Purchase Voucher; (2) Schedule Cleaning Online; and (3) Relax. Consumers proceed by clicking "Get My Voucher."

13.     Next, Consumers are greeted with a page that states "Get 62% off every clean with ForeverClean membership." To the best of the consumers' knowledge, this is an *optional* and/or *additional* promotion to the single discounted cleaning the consumer is attempting to purchase. In miniscule print not centered or highlighted, Homeaglow discloses for the first time that "This voucher requires a 6-month ForeverClean membership." Still remaining at the top of the page is the number of vouchers remaining and the time left to book in bright red font, distracting and discouraging a consumer from examining tiny print. The consumer clicks "Continue" to proceed.

14.     The consumer then reaches the checkout page, where they may enter their billing information. Below the payment fields are where Homeaglow provides textual notice of the terms and conditions of its Membership, stating "By clicking 'Purchase & Schedule' below, you agree, by legal binding electronic signature, to our Terms & Conditions, which includes an arbitration agreement, and Privacy Policy." The text of "Terms & Conditions" and "Privacy Policy" is hyperlinked to the applicable document. Again, still at the top of the page is the number of vouchers remaining and the time left to book in bright red font. The consumer clicks "Purchase & Schedule" to proceed, upon which they have purchased the discounted-cleaning, and unknowingly a ForeverClean Membership, and will then book the date and time for that cleaning. It is in no way apparent to consumers that they are agreeing to contractual terms simply by clicking the buttons designed to complete their purchase of the single, discounted cleaning.

15. Also buried in the fine print and sub-links on the page, the ForeverClean Membership requires commitment to an initial term of six months. Should a consumer desire to cancel the Membership prior to the conclusion of initial term, they are charged and "early termination fee" which is the delta between a full-priced cleaning and the reduced-priced cleaning.

**B.    Homeaglow Presents the Terms and Conditions of its Membership in Sign-In Wrap Form**

16. Homeaglow presents the terms and conditions of its ForeverClean Membership in sign-in wrap form, as consumers must agree to the terms in order to purchase a cleaning voucher (and consequentially a ForeverClean Membership), but never expressly indicate that they read the terms before making the purchase. For such agreements to be enforceable, there must be conspicuous textual notice that completing a transaction or registration signifies consent to the challenged terms and conditions.

**C.    Homeaglow Systematically Violates the ARL**

17. Pursuant to California's Automatic Renewal Law (ARL), online retailers who offer automatically renewing subscriptions to California consumers, as Homeaglow does here, must: (a) obtain affirmative consent prior to the consumer's purchase; (b) provide the complete auto-renewal terms in a clear and conspicuous manner and in visual proximity to the request for consent prior to the purchase; and (c) provide an acknowledgement identifying an easy and efficient mechanism for consumers to cancel their subscriptions. Cal. Bus. & Prof. Code § 17602.

18. Specifically, Homeaglow systematically violates the ARL by: (i) failing to present the automatic renewal offer terms in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement is fulfilled, in violation of Section 17602(a)(1); (ii) charging consumers' Payment Method without first obtaining their affirmative consent to the agreement containing the automatic renewal offer terms, in violation of Section

17602(a)(2); (iii) failing to provide an acknowledgment that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, in direct violation of Sections 17602(a)(3) and 17602(b); and (iv) imposing costs and responsibilities on consumers who receive these reduced-priced cleanings as "unconditional gifts," in violation of Section 17603.

19.     Homeaglow's textual notice is entitled to the most rigorous scrutiny as the terms are presented to the consumer as part of a one-off transaction for a single discounted cleaning. Consumers do not purchase these one-off vouchers intending to enroll into an ongoing account with Homeaglow. Homeaglow intentionally engages in this deceptive advertising as far more consumers are willing to purchase a discounted one-time cleaning than are willing to enroll in a costly ForeverClean Membership.

20.     The textual notice fails to meet the ARL's standards for clarity and conspicuousness, as the notice is not in larger size than the surrounding text, it is not in contrasting font type or color, and it is not set apart from the surrounding text by a mark or symbol. When considered with the surprise element that the consumer believes they are purchasing a one-off voucher, and the fact that a timer in bright red font is prominently ticking away on the screen, Homeaglow fails to provide its consumers with sufficient notice of the terms of the transaction in which they are engaging, and goes so far to intentionally distract them from these material terms.

21.     Based on the above, Homeaglow fails to gain the consumer's affirmative consent to the automatic renewal offer terms before the consumer is charged for the Membership when purchasing a single reduced-price cleaning.

22.     Homeaglow then fails to provide Membership enrollees with an acknowledgement that includes the automatic renewal terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.

23.    Homeaglow provides its customers with cleaning services under an automatically renewing agreement without first obtaining the consumer's affirmative consent. As such, the services Homeaglow provides under the agreement are deemed an "unconditional gift" to the consumer and the consumer may bear no cost or responsibility for these services. However, Homeaglow unlawfully recoups the value of the services it provides under its automatic renewal agreement by charging consumers for the delta between a full-priced cleaning and the reduced-priced cleaning should they terminate the Membership in the initial term.

**D.    Homeaglow Imposes and Unlawful Liquidated Damages Clause on Consumers**

24.    Under California Civil Code section 1671(d), liquidated damages provisions in consumer contracts are presumed void, and the proponent of the clause has the burden of rebutting that presumption at trial. A party seeking enforcement of the liquidated damages clause must satisfy this burden by showing that: (1) fixing the amount of actual damages is impracticable or extremely difficult; and (2) the amount selected represents a reasonable endeavor to estimate fair compensation for the loss sustained. This test is conjunctive, not disjunctive (*i.e.*, even if the damages Homeaglow suffered from early terminations were extremely difficult to calculate, Homeaglow must still show that its early termination policy was part of an honest, non-pretextual effort to estimate the fair amount of compensation for the losses it sustains).

25.    Homeaglow enters into consumer contracts with its customers for the provision of household cleaning services. Contained in these consumer contracts is a liquidated damages provision, which provides that should the consumer cancel their ForeverClean Membership during the initial six-month term, the consumer must pay "the difference between the full price of your first cleaning at standard rates and the discounted price of your first cleaning."

26.     Homeaglow's early termination fee is unlawful in multiple regards. First, Homeaglow presumably builds a profit for itself into its full-priced cleanings. Liquidated damages provisions may not be used to impose a penalty or derive a profit as Homeaglow does here. Second, liquidated damages clauses are only permissible in consumer contracts where fixing the amount of actual damages is impracticable or extremely difficult. Should Homeaglow take a loss on the first discount cleaning it provides under the ForeverClean Membership, the damages it suffers are the monies paid to the cleaner. This amount is easily fixable, prohibiting the use of a liquidated damages clause entirely. Last, Homeaglow has not engaged in a reasonable endeavor to estimate the compensation for the losses it sustains when a consumer terminates their ForeverClean Membership.

**E.      Homeaglow Proliferates Deceptive Advertising**

27.     Homeaglow has adopted "Get Clean for $19" as its mantra, deceiving consumers into believing that the cleaning will only cost them $19—only to learn the truth when they receive a billing statement that includes a $49 Membership fee. A visit of the Websites reveals that Homeaglow promotes this fictitious and deceptive offer anywhere that the text will fit.

28.     On its YouTube channel (https://youtube.com/@dazzlingcleaning5600), Homeaglow posts repeated videos with paid spokespersons claiming to have just received a home cleaning from Homeaglow for $19. The videos make no mention of the Membership the consumer will be charged for should they book one of the advertised "$19 cleanings."

29.     Homeaglow's videos also appear as advertisements on YouTube, Facebook, and Instagram.

**F.      Online Consumer Complain Regarding Homeaglow's Deceptive Practices**

30.     While Homeaglow only shows the 5-star reviews it receives on its Websites, forums outside of Homeaglow's control show that consumers are irate with

Homeaglow's deceptive enrollment process in its ForeverClean Membership and the extortionary termination fee to be released from this Membership.

31.    On Facebook, there are 2.1k members in a public Group titled "Dazzling Cleaning Company Scam." https://www.facebook.com/groups/1083004105931895/. Several recent consumer complaints from this Group are as follows:

a.    "I purchased a voucher for $19 for a 3 hour cleaning. Got charged $54 it was not $19" (July 15, 2023)

b.    "My experience with Dazzling Cleaning from Austin, TX has been appalling. Dazzling Cleaning advertised a 3-hour cleaning service for $19, claiming it was a 75% discount from their standard $75 rate. What promised to be an affordable 3-hour cleaning service turned into a financial nightmare. . . . After the service, Dazzling Cleaning enrolled me in a $ 49-per-month membership for six months. On attempting to cancel, I was informed that an additional $158.12 would be charged to cover the 'full cost' of the first cleaning service. The $158 is exorbitant compared to local cleaning rates in Rochester, MN, which typically range from $20 to $25 per hour or $60 to $75 for a 3-hour cleaning, which they advertised at signup. Communications from the company were unclear, with changes in contract terms and prices imposed after the service. The company's business practices are misleading, and its customer service is inadequate. Email only, no phone number. Research revealed that my experience is not an isolated incident. I googled 'Dazzling Cleaning Scam' and found so many complaints IDENTICAL to mine on Reddit, Facebook, Yelp, BBB, etc." (July 14, 2023)

c.    "Just wanted to give everyone the heads up that yesterday I accidentally signed up for their voucher and obviously didn't know

about their automatic membership. After realizing what this company was. I emailed the company by replying to their confirmation email with the voucher. I also called my bank to initiate a dispute. In my email I told them I signed up under false pretenses, an requesting a full refund with no further charges or services from them and a confirmation that my money was refunded. I told them that if they did not respond I would be co rafting the police and my banks fraud department. The very next morning I received an email and confirmation. They have stated that the refund was initiated on their end. I will keep everyone posted." (July 2, 2023)

    d.    "Here is what I got from Dazzling after I reported them to the BBB. Keep in mind, when I went thru the cancellation steps and hit cancel anyway, they immediately tried to charge my new, LOCKED card the cancellation fee. Yes even tho I canceled my card and received a new one, they were able to get that one too. Had my card not been locked, they would have hit me for the outrageous cancellation fee.  I am still waiting to hear the results of my dispute with the CC company but we all know how that will go. These people are two steps ahead of us and good at what they do. Although it appears NONE of us were aware that this was a membership, they are claiming we all saw the disclaimer.  What a nightmare!!" (April 23, 2023)

32.    Consumers have also taken to Reddit, Trustpilot, Yelp, BBB, and other social media outlets and forums to express frustration regarding Homeaglow's misleading enrollment and cancellation processes.

/ / /

/ / /

# V.    CLASS ALLEGATIONS

33.    Pursuant to Federal Rules of Civil Procedure, Rule 23, Plaintiffs bring this lawsuit as a class action on behalf of themselves and all other similarly situated members of the Class, defined below. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of class actions.

34.    **Class Period.** The Class Period shall be defined as: from four years preceding the date that the first Complaint in this action is filed, until the full resolution of this action, plus any time that may be attributed to equitable or other forms of tolling.

35.    Plaintiffs seek to represent the following Sub-Classes of persons:

a.    The Automatic Renewal Class: All persons in California who, within the applicable statute of limitations period incurred renewal fee(s) in connection with Defendant's ForeverClean Membership.

b.    The Early Termination Fee Class: All members of the Automatic Renewal Class who, within the applicable statute of limitations period incurred and paid Defendant's ForeverClean Membership early termination fee.

c.    These Sub-Classes do not include Defendant, its officers, and/or its directors; the Judge to whom this case is assigned; or the Judge's immediate family or staff.

36.    Plaintiffs reserve the right to amend the above Classes and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability, among other reasons.

37.    **Numerosity.** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable. While the precise number of the members of the Class has not been determined, Plaintiffs are informed and believe that there are hundreds of individuals meeting the Class definition. Defendant

has access to data sufficient to identify the members of the Class as they all signed-up on Defendant's Websites.

38. **Adequacy of Representation.** The named Plaintiffs are fully prepared to take all necessary steps to fairly and adequately represent the interests of the Class defined above. Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the Class and Plaintiffs. Plaintiffs' attorneys are highly experienced in consumer Class action litigation. Plaintiffs intend to prosecute this action vigorously.

39. **Common Questions of Law and Fact.** There are predominant common questions and answers of law and fact and a community of interest amongst Plaintiffs and the claims of the Class as follows:

    a.    Class:

        i.    Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer, in violation of Cal. Bus. & Prof. Code § 17602(a)(1);

        ii.    Whether Defendant charged Plaintiffs' and Class members' Payment Method for an automatic renewal service without first obtaining their affirmative consent to the automatic renewal offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2);

        iii.    Whether Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and the Class, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

iv.     Whether the goods and services provided by Defendant are deemed an "unconditional gift" in accordance with Cal. Bus. & Prof. Code § 17603;

v.     Whether Defendant's conduct alleged herein violated California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and/or California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

vi.     Whether Defendant's conduct alleged herein constitutes breach of conduct, conversion, unjust enrichment, and/or negligent misrepresentation; and

vii.     Whether Defendant's early termination fee constitutes an unlawful liquidated damages provision in violation of Cal. Civ. Code § 1671.

40.     **Predominance.** Much like commonality, there are common questions of law and fact that can be answered in one struck as set out above. Furthermore, given the relatively small sums (hundreds to low thousands of dollars) in claims at issue for the class there is little interest in individual control and a class proceeding may be the only way to effectively recoup money for the class who could not hire a lawyer to secure this amount of relief one-by-one. As far as Plaintiffs are aware, there is no other litigation on these or similar issues by the putative class. At this juncture, Plaintiffs see no issue with moving forward with class claims in this forum or with managing the class.

41.     **Typicality.** Plaintiffs' claims are typical of the claims of all members of the Class in that Plaintiffs and the Class sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's failure to obtain Plaintiffs' and the Class's affirmative consent to the automatic renewal offer terms or continuous

service offer terms associated with the ForeverClean Membership before charging their Payment Methods and/or based upon Defendant's ForeverClean Membership early termination fee.

42. **Superiority of a Class Action.** A Class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendant's conduct described in this Complaint. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judiciary. Plaintiffs are unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a Class action.

43. **Notice.** While this case is at an early stage, Plaintiff anticipates notice to the class in the normal manner by referring to relevant mail, email, and other means of contacting the putative class to give them notice about their rights that are implicated in this case so they can choose to remain in or opt-out.

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Violation of Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

44. Plaintiffs incorporate by reference every allegation contained above.

45. To be clear and as set out above, Plaintiffs each lost money in the form of paying the monthly membership fee ($49) for several months to which they did not consent and for Plaintiff Andoh, she also lost money by paying the cancellation fee of over $100.

46. The UCL prohibits unfair competition in the form of "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act." Cal. Bus. & Prof. Code § 17200. The UCL allows "a person who has suffered injury in fact and has lost money or property" to prosecute

a civil action for violation of the UCL. Cal. Bus. & Prof. Code § 17204. Such a person may bring such an action on behalf of herself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

47. At all relevant times, Defendant has violated, and continues to violate, the UCL's proscription against engaging in unlawful and/or unfair conduct as a result of their violations of the ARL, Cal. Bus. & Prof. Code §§ 17600, *et seq.* Specifically, Defendant failed, and continues to fail, to: (a) provide the auto-renewal terms associated with its ForeverClean Membership "in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity[] ... to the request for consent to the offer," in violation of Cal. Bus. & Prof Code § 17602(a)(1); (b) obtain the affirmative consent of Plaintiffs and the Class to those terms before charging their Payment Methods, in violation of Cal. Bus. & Prof. Code § 17602(a)(2); and (c) provide an acknowledgment that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3). Defendant imposes costs and responsibilities on consumers who receive its services as "unconditional gifts," in violation of Cal. Bus. & Prof. Code § 17603.

48. As alleged below, Defendant's violations of the FAL constitute further unlawful and/or unfair business practices under the UCL by mass proliferating advertisements stating consumers may "Get Clean for $19!," while failing to disclose consumers are also charged $49 monthly for a ForeverClean Membership, in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

49. Lastly, Defendant's violation of Cal. Civ. Code § 1671 constitutes further unlawful and/or unfair business practices under the UCL by imposing an unlawful liquidated damages provision in the contracts it enters with consumers.

/ / /

/ / /

50.    Plaintiffs and the Class would not have purchased the reduced-price cleaning appointments had they been provided adequate disclosure of Homeaglow's Forever Clean membership terms.

51.    Defendant intended to, and did, profit front these illegal acts.

52.    As a direct and proximate result of the above, Plaintiffs and the Class Members have lost money or property, thereby entitling these individuals to restitution.

53.    Pursuant to the Business and Professions Code, Plaintiffs and the Class Members are entitled to restitution of money or property acquired by Defendant by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

54.    Pursuant to the Business and Professions Code, the Class and the public are also entitled to injunctive relief against Homeaglow's ongoing continuation of such unlawful business practices, including public injunctive relief. Plaintiffs seek such public injunctive relief here prohibiting Defendant from continuing its illegal practices of systemically violating the ARL, FAL, and Cal. Civ. Code § 1671 through its deceptive enrollment process in its ForeverClean Membership and the unlawful liquidated damages provision to be released from the Membership.

55.    If Defendant is not enjoined from engaging in the unlawful business practices described above, Plaintiffs, Class members, and the public will be irreparably injured. The exact extent, nature, and amount of such injury is difficult to ascertain now.

56.    The Class, including Plaintiffs, have no plain, speedy, and adequate remedy at law.

57.    Defendant will continue to engage in the unlawful business practices described above in violation of the Business and Professions Code, in derogation of the rights of Plaintiffs, the Class, and of the public, if not enjoined by this Court.

58.    The success of Plaintiffs in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the public.

59.    Private enforcement of these rights is necessary as no public agency has pursued enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action. Plaintiffs are therefore entitled to an award of attorneys' fees and costs of suit under the "common fund," "substantial benefit," and other important doctrines.

## SECOND CAUSE OF ACTION
### Violation of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500, *et seq.*

60.    Plaintiffs incorporate by reference every allegation contained above.

61.    California's False Advertising Law, Cal. Bus. & Prof Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ...in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

62.    Defendant committed acts of false advertising, as defined by § 17500, by intentionally making and disseminating statements to consumers in California and the general public concerning Defendant's products and services, as well as the circumstances and facts connected to such products and services, which are untrue and misleading on their face and by omission, and which are known (or which by the exercise of reasonable care should be known) by Defendant to be untrue or misleading. Defendant has also intentionally made or disseminated such untrue or

THIRD AMENDED CLASS ACTION COMPLAINT

misleading statements and material omissions to consumers in California and to the public as part of a plan or scheme with intent not to sell those services as advertised.

63.    Defendant's statements include but are not limited to representations and omissions made to consumers before and after enrollment in Defendant's ForeverClean Membership regarding the terms of payment for a consumer's automatic payments. For instance, Defendant posts throughout its Websites, YouTube Channel, and social media advertisements a promotion to "Get Clean for $19!", inferring that the customer can book a cleaning for $19. However, the advertisement deceptively omits that in order to purchase a $19 cleaning, the consumer must also purchase a $49 per month membership that lasts for at least 6-months and requires an early termination fee.

64.    Homeaglow's deceptive omission is material, as a reasonable consumer would attach large importance to whether they must commit to, at minimum, a 6-month reoccurring fee membership in order to book a single cleaning.

65.    Homeaglow acquired money from Plaintiffs and the Class members by means of its false advertising. Had Homeaglow disclosed that a monthly membership fee was required, Plaintiffs would not have purchased the discounted cleaning.

66.    Plaintiffs, on behalf of all similarly situated California consumers, seek public injunctive relief and any other necessary orders or judgments that will prevent Defendant from continuing with its false and deceptive advertisements and omissions; restitution that will restore the full amount of their money or property; disgorgement of Defendant's relevant profits and proceeds; and an award of costs and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
**Violation of California's Consumer Legal Remedies Act (CLRA),
Cal. Civ. Code §§ 1750, *et seq.***

67.    Plaintiffs incorporate by reference each and every allegation contained above.

68.    Plaintiffs and the members of the Class are "consumers" within the meaning of Cal. Civil Code § 1761(d) in that Plaintiffs and the Class sought or acquired Defendant's goods and/or services for personal, family, or household purposes.

69.    Defendant's discounted cleaning offers and ForeverClean Membership are "goods" and/or "services" within the meaning of Cal. Civil Code § 1761(a) and (b). The purchases by Plaintiffs and the Class are "transactions" within the meaning of Cal. Civil Code § 1761(e).

70.    The acts and practices of Defendant as described above were intended to deceive Plaintiffs and the Class as described herein, and have resulted, and will result, in damages to Plaintiffs and the Class. These actions violated, and continue to violate, the CLRA in at least the following respects: (a) Defendant's acts and practices constitute representations or omissions that Defendant's goods and services have certain characteristics that they do not (i.e. that you get a one-off discounted cleaning to try out the Homeaglow platoform), in violation of Cal. Civil Code § 1770(a)(5); (b) Defendant's acts and practices constitute the advertisement of goods and services with the intent not to sell them as advertised (i.e. that Plaintiffs and the class do not in fact get a one-off discounted cleaning and instead are enrolled in a membership and a costly cancellation policy), in violation of Cal. Civil Code § 1770(a)(9); (c) Defendant's acts and practices constitute the making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions (e.g. that the one-time discounted cleaning was not in fact a one-off transaction but instead a recurring membership tethered to a pricy cancellation fee), in violation of Cal. Civil Code § 1770(a)(13); and (d) Defendant's acts and practices constitute representations that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction (e.g. the purported "discount" on the advertised get clean for $19 which was in fact not true) in violation of Cal. Civil Code § 1770(a)(17).

71.    Plaintiffs and the Class suffered economic injury as a direct result of Defendant's misrepresentations and/or omissions because they were induced to purchase ForeverClean Memberships and/or pay renewal fees they would not have otherwise purchased and/or paid. Had Defendant fully and clearly disclosed the terms associated with the reduced-priced cleanings, Plaintiffs and the Class would have not purchased a reduced-priced cleaning and unwittingly been enrolled in the ForeverClean Membership.

72.    Plaintiffs, on behalf of themselves and all other members of the Class, seek an injunction prohibiting Defendant from continuing its unlawful practices in violation of the CLRA.

**FOURTH CAUSE OF ACTION**
**Breach of Contract**

73.    Plaintiffs incorporate by reference each and every allegation contained above.

74.    Plaintiffs and the Class entered into contracts with Homeaglow for the purchase and provision of discounted home cleanings.

75.    Plaintiffs and the Class did all of the things the contract require them to do, mainly that of paying for the get clean for $19 booking.

76.    Plaintiffs and the Class never agreed that Homeaglow could charge them a monthly membership fee or for a cancellation fee. The term was not part of the parties' agreement and Homeaglow did not have the right to assess such charges.

77.    Homeaglow's conduct materially breached the agreement it entered with consumers as it frustrated the entire purposes of the contract and the reasons why Plaintiffs and the Class contracted with Homeaglow in the first place.

78.    Plaintiff and the Class were directly damaged by Homeaglow's breach.

79.    Plaintiffs are the Class are entitled to the actual damages they suffered as a result of Defendant's breach of contract in an amount to be proven at trial, plus interest allowable under applicable law.

## FIFTH CAUSE OF ACTION
### Conversion

80.     Plaintiffs incorporate by reference every allegation contained above.

81.     As a result of charges made by Defendant to Plaintiffs' and Class Members' Payment Methods without authorization and in violation of California law, Defendant has taken money that belongs to Plaintiffs and the Class.

82.     The amount of money wrongfully taken by Defendant is capable of identification.

83.     Defendant engaged in this conduct knowingly, willfully, and with oppression, fraud, and/or malice within the meaning of Cal. Civil Code § 3294(c).

84.     As a result of Defendant's action, Plaintiffs and the Class have stuffed damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment

85.     Plaintiffs incorporate by reference every allegation contained above.

86.     Plaintiffs and the Class conferred benefits on Defendant by purchasing the ForeverClean Membership and the cancellation fees. Defendant has been unjustly enriched in retaining revenues derived from Plaintiffs and the Class' purchases of the ForeverClean Membership. Retention of those moneys under these circumstances is unjust and inequitable because Defendant's failure to disclose material terms of the purchase agreement, in violation of California law, induced Plaintiffs and the Class to purchase the ForeverClean Membership and the cancellation fees. These omissions caused injuries to Plaintiffs and the Class because they would not have purchased the ForeverClean Membership at all, or on the same terms, if the true facts were known.

87.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and the Class is unjust and inequitable, Defendant must pay restitution to Plaintiffs and the Class for their unjust enrichment, as ordered by the Court.

## SEVENTH CAUSE OF ACTION
### Negligent Misrepresentation

88.    Plaintiffs incorporate by reference every allegation contained above.

89.    As discussed above, Defendant misrepresented in its advertisements and related statements made in connection with its promotional discounted cleanings that consumers may "Get Clean for $19!", inferring that the customer can book a cleaning for $19. Defendant omitted, failed to disclose, and intentionally concealed from such advertisements and related statements material facts concerning billing for an automatically-renewing membership, cancellation of the Membership and the associated early termination fee, and automatic payment terms, policies, and requirements.

90.    At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

91.    At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its discounted cleanings, the ForeverClean Membership, and their associated terms.

92.    The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce, and actually did induce, Plaintiffs and Class members to purchase and enroll in Defendant's ForeverClean Membership program.

93.    Plaintiffs and the Class members would not have purchased the ForeverClean Memberships if the true facts had been known.

94.    The negligent actions of Defendant caused damage to Plaintiffs and Class Members, who are entitled to damages and other legal and equitable relief as a result.

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION
### Imposition of an Illegal Penalty,
### Cal. Civ. Code § 1671

95.    Plaintiffs incorporate by reference each and every allegation contained above.

96.    Homeaglow, through the ForeverClean Membership, enters into contracts with consumers for the sale of services for personal, family, or household purposes, pursuant to California Civil Code section 1671(c)(2).

97.    California Civil Code section 1671(d) provides that "a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

98.    During all relevant times, on information and belief, any actual damages Defendant sustained because of Plaintiffs' and Class members' early termination of the ForeverClean Membership are neither impracticable nor extremely difficult to fix. Nor is Defendant's early termination fee scheme the result of a reasonable effort to estimate fair compensation for Defendant's actual damages sustained, if any, due to Plaintiffs' and the Class members' early termination of the ForeverClean Membership.

99.    Defendant's early termination fee is accordingly unlawful pursuant to California Civil Code section 1671(d). Plaintiffs and Class members are entitled to a return or restitution of all fees Defendant has collected from them for the early termination of their ForeverClean Memberships, as well as interest and other relief as specifically prayed for here.

## VII.   PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendant, as follows:

1.    For an order certifying the Class as described herein, appointing Plaintiffs as Class representatives, and their counsel as Class counsel;

2.    For an order declaring the Defendant's conduct violates the statutes referenced herein;

3.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

4.    For actual, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

5.    For disgorgement of all monies which Defendant has illegally gained;

6.    For prejudgment interest on all amounts awarded;

7.    For an order of restitution and all other forms of equitable monetary relief;

8.    For injunctive relief as pleaded or as the Court may deem proper;

9.    For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit; and

10.   For such other and further relief as this Court may deem just and proper.

## VIII.  <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted:

Dated:  June 23, 2025          **NICHOLAS & TOMASEVIC, LLP**

By:    */s/ Shaun Markley*
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
Jordan Belcastro (SBN 339570)
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jbelcastro@nicholaslaw.org

Attorneys for Plaintiffs,
SETH SENECA and LISA ANDOH,
on behalf of themselves and all others
similarly situated