1  James M. Wagstaffe (SBN 95535)
2  Michelle L. Gearhart (SBN 263573)
   **ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
3  *Mailing Address:* Post Office Box 3835
   San Luis Obispo, CA 93403-3835
4  *Physical Address:* 6633 Bay Laurel Place
   Avila Beach, CA 93424
5  Telephone:  (805) 543-0990
   Facsimile:   (805) 543-0980
6  Email: wagstaffe@ammcglaw.com
   Email: gearhart@ammcglaw.com
7
   Attorneys for Defendant, HOMEAGLOW, INC.
8  d/b/a DAZZLING CLEANING

9
## UNITED STATES DISTRICT COURT
10
## CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  SETH SENECA, an individual, and | Case No. 8:23-cv-02308-JVS-ADS |
| 13  LISA ANDOH, an individual, on behalf | |
| 14  of themselves and all others similarly | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO** |
| situated, | **DISMISS PLAINTIFFS' THIRD** |
| 15 | **AMENDED COMPLAINT** |
|           Plaintiffs, | **PURSUANT TO FEDERAL RULE** |
| 16 | **OF CIVIL PROCEDURE 12(b)(6)** |
| 17       vs. | |
| 18 | |
| 19  HOMEAGLOW, INC. D/B/A | **Date: September 22, 2025** |
| DAZZLING CLEANING, a Delaware | **Time: 1:30 p.m.** |
| 20  corporation, | **Dept.: 10C** |
| 21 | |
| 22           Defendants. | **Judge**: Hon. James V. Selna |
| | **Magistrate**: Hon. Autumn D. Spaeth |
| 23 | |
| 24 | **Case Removed**: 12/7/2023 |
| | **Trial Date**: None Set |
| 25 | |

26
27
28

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

PLEASE TAKE NOTICE that on September 22, 2025, at 1:30 p.m., or as soon thereafter as the matter can be heard, in Courtroom 10C of the above-entitled court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701, Defendant Homeaglow, Inc. ("Defendant" or "Homeaglow") will and hereby does move this Court for an order dismissing Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted.

This motion is based on this notice, the accompanying memorandum of points and authorities, the request for judicial notice and exhibits attached thereto, all pleadings and papers on file in this action, and such matters as may be properly considered by this Court in ruling on this motion. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 14, 2025.

Dated:  July 23, 2025

**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**

*/s/ Michelle L. Gearhart*

_____

James M. Wagstaffe
Michelle L. Gearhart
Attorneys for Defendant
HOMEAGLOW, INC.
d/b/a DAZZLING CLEANING

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION………………………………………………….8

II.     SUMMARY OF FACTUAL ALLEGATIONS……………………....9

III.    PROCEDURAL BACKGROUND……………………………………..10

IV.     LEGAL STANDARD………………………………………………..12

V.      ARGUMENT………………………………………………………...13

     A.     The Class Claims Are Overbroad and Fail to Meet the
           Requirements of Rule 23……………………………………13

          i.    The proposed sub-classes are overbroad and not
               supported by the factual allegations……………………13

          ii.   Typicality is lacking………………………………...............18

     B.     Plaintiffs Have Not Alleged a Factual Basis to Establish
           Standing Under the Unfair Competition Law……………………19

     C.     Plaintiffs Have Not Alleged a Factual Basis to Establish
           Standing Under the False Advertising Law………………………22

     D.     Plaintiffs Fail to State a Claim for Violations of the CLRA……...23

     E.     Plaintiffs Fail to State a Claim for Breach of Contract…………...24

     F.     Plaintiffs Fail to State a Claim for Conversion…………………...24

     G.     Plaintiffs Fail to State a Claim for Unjust Enrichment…………...26

     H.     Plaintiffs Fail to State a Claim for Negligent
           Misrepresentation…………………………………………………26

     I.     Plaintiffs Fail to State a Claim for Imposition of an
           Illegal Penalty……………………………………………………28

V.      CONCLUSION……………………………………………………...29

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009) ................................................................12

*Baxter v. King,*
    81 Cal. App. 192, 194 (1927)...........................................................25

*Beasley v. Wells Fargo Bank,*
    235 Cal. App. 3d 1383, 1393 (1991)................................................28

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 555 (2007) ................................................................12

*Blank v. Borden,*
    11 Cal. 3d 963, 970 (1974)..............................................................29

*Candelore v. Tinder, Inc.,*
    19 Cal. App. 5th 1138, 1155 (2018).................................................19

*Clay v. American Tobacco Company,*
    188 F.R.D. 483, 490 (S.D.Ill. 1999).............................................14, 19

*Committee on Children's Television, Inc. v. General Foods Corp.,*
    35 Cal. 3d 197, 216–217 (1983).......................................................27

*Daugherty v. American Honda Motor Co., Inc.,*
    144 Cal. App. 4th 824, 837 (2006)...................................................19

*Doe v. Massage Envy Franchising, LLC,*
    303 Cal. Rptr. 3d 269, 277 (2022) ...................................................16

*Durell v. Sharp Healthcare,*
    183 Cal. App. 4th 1350, 1363 (2010)...........................................23, 26

*ESG Capital Partners, LP v. Stratos,*
    828 F.3d 1023, 1031 (9th Cir. 2016).................................................27

*First Nationwide Savings v. Perry,*
    11 Cal. App. 4th 1657, 1662–1663 (1992).........................................26

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

*Gonzales v. Nat. Factors Nutritional Prods.*,
    No. 2:24-cv-02584-DSF, 2024 U.S. Dist. LEXIS 196853, 2024 WL
    4609853, at *6 (C.D. Cal. June 28, 2024)......................................................23

*Guzman v. Bridgepoint Educ., Inc.*,
    No. 11cv69 WQH (WVG), 2011 U.S. Dist. LEXIS 120611, at *13 (S.D.
    Cal. Oct. 19, 2011...............................................................................................22

*Hall v. City of Los Angeles*,
    697 F.3d 1059, 1067 (9th Cir. 2012)...............................................................15

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497, 508 (9th Cir. 1992)...........................................................13, 18

*Hedstrom v. Truxtun Radiology Med. Grp.*,
    No. F056068, 2009 Cal. App. Unpub. LEXIS 5772, 2009 WL 2139061, at
    *3 n.1 (Cal. Ct. App. July 20, 2009) ..............................................................29

*Hinojos v. Kohl's Corp.*,
    718 F.3d 1098, 1108 (9th Cir. 2013).................................................................23

*Johnson v. Riverside Healthcare Sys. LP*,
    534 F.3d 1116, 1121 (9th Cir. 2008).................................................................12

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310, 322, 326, some italics omitted (2011) .........................20, 21

*Lazar v. Superior Court*,
    12 Cal.4th 631, 638 (1996).................................................................................26

*Lopez v. Smith*,
    203 F.3d 1122, 1129 (9th Cir. 2000).................................................................13

*Lucas v. Vee Pak, Inc.*,
    68 F.Supp.3d 870, 882 (N.D. Ill. 2014) ............................................................13

*Mayron v. Google LLC*,
    54 Cal. App. 5th 566, 576 (2020)......................................................................20

*McElhaney v. Eli Lilly & Co.*,
    93 F.R.D. 875, 877 (D.S.D. 1982) .....................................................................13

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

*McKell v. Washington Mutual, Inc.,*
    142 Cal. App. 4th 1457, 1491 (2006)..................................................25

*Morris v. Redwood Empire Bancorp,*
    128 Cal. App. 4th 1305, 1315 (2005)..............................................28, 29

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP,*
    150 Cal. App. 4th 384, 395 (2007).....................................................25

*Ridgley v. Topa Thrift & Loan Assn.,*
    17 Cal. 4th 970, 977 (1998).............................................................29

*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.,*
    43 Cal. App. 5th 988, 994 (2019)......................................................19

*Ruiz Torres v. Mercer Canyons, Inc.,*
    825 F.3d 1125, 1141, n. 11 (9th Cir. 2016)...........................................18

*Shaeffer v. Califia Farms, LLC,*
    44 Cal. App. 5th 1125, 1136 (2020)...................................................22

*Stacy v. Colvin,*
    825 F.3d 563, 567 (9th Cir. 2016)..................................................13, 15

*Tobacco II Cases,*
    46 Cal. 4th 298, 306 (2009).............................................................21

*Troyk v. Farmers Group, Inc.,*
    171 Cal. App. 4th 1305, 1349 (2009)..................................................21

*United States v. Ritchie,*
    342 F.3d 903, 908 (9th Cir. 2003).....................................................12

*Vu v. California Commerce Club, Inc.,*
    58 Cal. App. 4th 229, 231, 235 (1997).................................................25

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338, 350 (2011.)..............................................................13

*Welco Electronics, Inc. v. Mora,*
    223 Cal. App. 4th 202, 208 (2014)....................................................25

6

*Wilson v. Hewlett-Packard Co.*,
　　668 F.3d 1136, 1140 (9th Cir. 2012)..............................................12

*Wolin v. Jaguar Land Rover N. Am., LLC*,
　　617 F.3d 1168, 1172 (9th Cir. 2010).............................................14

**Statutes**
Bus. & Prof. Code, § 17200..............................................................19, 20

Bus. & Prof. Code, § 17500....................................................................22

Bus. & Prof. Code, § 17535....................................................................22

Bus. & Prof. Code, § 17602......................................................................9

Civil Code §1671.....................................................................................20

Civ. Code, § 1671(d) ................................................................... 10, 28, 29

Civ. Code, § 1710....................................................................................27

Civ. Code, § 1750....................................................................................23

**Rules**
Fed. R. Civ. P 9(b).................................................................................27

Fed. R. Civ. P 12(b)(6) ..........................................................................12

Fed. R. Civ. P 23..........................................................................8, 13, 14

Fed. R. Civ. P. 23(a) ........................................................................13, 14

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Homeaglow is a digital application-based company that facilities "on-demand" home cleaning services. Its platforms use proprietary algorithms to connect individuals seeking home-cleaning services with professional cleaners. Homeaglow offers one-time cleaning services as well as a membership that entitles members to deeply discounted and unlimited monthly cleanings. Homeaglow offers a voucher for first time customers to receive a significant discount on their initial cleaning on the condition they sign up for a ForeverClean membership. The membership may be canceled any time, but doing so within the first six months results in the initial discounted cleaning being charged at full retail value. These terms and conditions are expressly stated on Homeaglow's website, including the disclosure that the voucher "requires" a ForeverClean Membership.

Plaintiffs claim to have been deceived by Homeaglow because the voucher for the initial discount cleaning is advertised using a promotional marketing phrase of "Get Clean for $19." Plaintiffs claim to have not seen any of the information on the website explaining the terms and conditions of the voucher, and "believed" they were making a "one-off" purchase. Plaintiffs claim they did not consent to enrollment in the ForeverClean Membership. Relying on several purported internet reviews criticizing Homeaglow's enrollment and cancellation process, Plaintiffs claim other consumers were misled.

Plaintiffs seek to represent a putative class, but fail to adequately allege a factual basis for their own standing to bring claims under California's Unfair Competition Law. Plaintiffs also fail to allege facts which satisfy the requirements of Federal Rule of Civil Procedure 23, and propose a broad class definition unsupported by the factual allegations. Many of Plaintiffs' claims also cannot be maintained based upon the law of the case. Defendant moves to dismiss accordingly.

8

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

## II.    SUMMARY OF FACTUAL ALLEGATIONS

Plaintiffs allege they are each a resident of California and that they both "believed" they were purchasing a discounted cleaning from Homeaglow as a "one-time transaction" and were "unaware" they were being signed up for the ForeverClean membership. Third Amended Complaint ("TAC"), Dkt. 39, ¶¶ 6-7.[1] Both claim they would not have purchased the discounted cleaning had they known these facts. *Id*. Plaintiffs allege Homeaglow advertises a limited voucher for discounted home cleaning for $19 using the promotion, "Get Clean for $19." *Id*., ¶¶ 9-10. After clicking on the promotion, consumers enter their email address and their zip code, then a link stating "Get My Voucher." *Id*., ¶¶ 11-12. Next, consumers see a page stating "Get 62% off every clean with ForeverClean membership." *Id*., ¶ 13. On this page, Plaintiffs allege Homeaglow discloses for the first time that "This voucher requires a 6-month ForeverClean membership." *Id*. It is after this page that a consumer proceeds with their purchase by entering their billing information. *Id*., ¶14. "The consumer clicks 'Purchase & Schedule' to proceed, upon which they have purchased the discounted cleaning, and unknowingly a ForeverClean Membership, and will then book the date and time for that cleaning." *Id*. 5

Plaintiffs allege, "Also buried in the fine print and sub-links on the page, the ForeverClean Membership requires commitment to an initial term of six months. Should a consumer desire to cancel the Membership prior to the conclusion of initial term, they are charged and (*sic*) 'early termination fee' which is the delta between a full-priced cleaning and the reduced-price cleaning." TAC, ¶ 15. Plaintiffs allege the website violates California's Automatic Renewal Law (ARL), Business and Professions Code section 17602. *Id*., ¶¶ 17-23. Plaintiffs further allege consumers enter into contracts with Homeaglow which contain a "liquidated

---

[1] Pursuant to this Court's Initial Order (Dkt. 32 at 6:25-26), a copy of the TAC (Dkt. 39) is attached hereto as Exhibit 1 and referred to herein as "TAC" throughout.

damages provision." *Id*., ¶ 25. Plaintiffs allege this provision "provides that should the consumer cancel their ForeverClean Membership during the initial six-month term, the consumer must pay 'the difference between the full price of your first cleaning at standard rates and the discounted price of your first cleaning.'" *Id*. Plaintiffs claim this is a "liquidated damages provision" under California Civil Code section 1671(d), and improper, because "the damages it suffers are the monies paid to the cleaner" which amount is "easily fixable. *Id*., ¶ 26.

Plaintiffs seek to certify a class, claiming that on-line reviews reveal other consumers were frustrated by Homeaglow's "misleading" enrollment and cancellation processes. TAC, ¶ 32. Plaintiffs seek a class period as "four years preceding the date the first Complaint in this action is filed, until the full resolution of this action…" *Id*., ¶ 34. Plaintiffs propose the following sub-classes of persons:

(a) The Automatic Renewal Class: All persons in California who, within the applicable statute of limitations period incurred renewal fee(s) in connection with Defendant's ForeverClean Membership.

(b) The Early Termination Fee Class: All members of the Automatic Renewal Class who, within the applicable statute of limitations period incurred and paid Defendant's ForeverClean Membership early termination fee.

*Id*., ¶ 35.

## III.   PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint in Los Angeles County Superior Court on November 3, 2023. On December 7, 2023, Defendant removed the action to this Court. Dkt. 1. On January 12, 2024, Defendant filed a motion to compel arbitration, which was later deemed applicable to Plaintiffs' First Amended Complaint. Dkt. 11, 13, 17.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1    On February 7, 2024, this Court issued an order denying Defendant's motion

2    to compel arbitration. Dkt. 19.[2] While this Court concluded Plaintiffs had not

3    manifested their assent to be bound by Homeaglow's expansive "Terms &

4    Conditions" containing an arbitration provision, the court did conclude that a

5    contract had been formed between plaintiffs and Homeaglow, stating:

6         As alleged, Homeaglow (perhaps deceptively) offered Plaintiffs a

7         voucher for a discounted cleaning in exchange for $19 and an

8         additional $49/month recurring charge. (See FAC ⁋⁋ 27.) **Plaintiffs**

9         **accepted that offer when they paid the required upfront $19 after**

10        **scrolling through various webpages, which included a brief set of**

11        **'Terms & Conditions**.' (Customer Experience Video at 0:11.) **At this**

12        **point, Plaintiffs and Homeaglow had formed contracts**.

13   Dkt. 19 at 12:3-8; emph. added.

14        The appellate court affirmed the trial court's denial of Homeaglow's motion

15   to compel arbitration. See Request for Judicial Notice ("RJN") Ex. B:

16   Memorandum. A formal mandate pursuant to Rule 41(a) of the Federal Rules of

17   Appellate Procedure was issued on April 10, 2025. RJN Ex. C.

18        The parties stipulated to allow Plaintiffs leave to file a Second Amended

19   Complaint realleging a cause of action for violation of California's Consumer

20   Legal Remedies Act (CLRA) in light of Plaintiffs' curing of the notice defect. Dkt.

21   28. Pursuant to the parties' stipulation, this Court issued an order granting the joint

22   stipulation and ordering the second amended complaint be filed within 10 days.

23   Dkt. 30. The SAC was filed on May 14, 2025. Dkt. 33. Defendant timely filed a

24   motion to dismiss the SAC on June 4, 2025. Dkt. 36.

25        On the date Plaintiffs' opposition to that motion was due, Plaintiffs filed a

26   Third Amended Complaint. Dkt. 39. Because the Court had not given Plaintiffs

27

28   [2] The Order is attached to the Request for Judicial Notice as Exhibit A, but is
     referred to herein by its docket number throughout.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

leave to file the TAC and Defendants' motion to dismiss the SAC remained on calendar, the parties submitted a stipulation, and this Court ordered, that Plaintiffs TAC be adopted as the operative complaint, vacating the motion to dismiss the SAC, and setting Defendants' responsive deadline as 21 days after entry of the Court's Order. Dkt. 41, 42. This motion timely follows.

## IV.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." On a Rule 12(b)(6) motion, "all material facts are accepted as true and are construed in the light most favorable to the plaintiff." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (internal citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See *Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

In other words, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

"A court may . . . consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

1  Under this doctrine, courts may take judicial notice of adjudicative facts that are

2  "'capable of accurate and ready determination by resort to sources whose accuracy

3  cannot be reasonably questioned.'" *Id*. at 909 (quoting Fed. R. Evid. 201(b)(2)).

4  Additionally, this Court is bound by its prior determinations in this case, as

5  affirmed by the court of appeal, which are now the law of the case. *Stacy v. Colvin*,

6  825 F.3d 563, 567 (9th Cir. 2016) ("The law of the case doctrine generally prohibits

7  a court from considering an issue that has already been decided by that same court

8  or a higher court in the same case."). "Courts may dismiss a case without leave to

9  amend if the plaintiff is unable to cure the defect by amendment." *Lopez v. Smith*,

10  203 F.3d 1122, 1129 (9th Cir. 2000).

## V.    ARGUMENT

### A.    The Class Claims Are Overbroad and Fail to Meet the Requirements of Rule 23

#### i.    The proposed sub-classes are overbroad and not supported by the factual allegations.

A party seeking class certification must affirmatively demonstrate their

compliance with Rule 23—that is, that they are prepared to prove the requisite

factors. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011.) Thus, sufficient

facts supporting each factor must be pleaded. *Lucas v. Vee Pak, Inc*., 68 F.Supp.3d

870, 882 (N.D. Ill. 2014). For a named plaintiff to obtain class certification, the

court must find: (1) numerosity of plaintiffs; (2) common questions of law or fact

predominate; (3) the named plaintiff's claims and defenses are typical; and (4) the

named plaintiff can adequately protect the interests of the class. Fed. R. Civ. P.

23(a). Plaintiffs bear the burden of establishing these prerequisites. *Hanon v.

Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation omitted).

Even at the pleading stage, it is clear Plaintiffs' proposed class definition is

overbroad and unsupported by sufficient factual allegations. A prerequisite to class

certification is the existence of an ascertainable class. *McElhaney v. Eli Lilly &

Co.,* 93 F.R.D. 875, 877 (D.S.D. 1982) ("Prior to a consideration of the criteria

13

established by Rule 23, the Court must determine whether a class exists, and is capable of legal definition."). It has been said that "[t]he definition of a class should not be so broad as to include individuals who are without standing to maintain the action on their own behalf." *Clay v. American Tobacco Company,* 188 F.R.D. 483, 490 (S.D.Ill. 1999).

### a. The proposed "Automatic Renewal Class"

Plaintiffs propose the following sub-class:

The Automatic Renewal Class: **All** persons in California who, within the applicable statute of limitations period incurred renewal fee(s) in connection with Defendant's ForeverClean Membership.

TAC, ¶ 35; emph. added.

On its face, the proposed definition of the class lacks factual support and falls far short of the requirements of Rule 23(b). This definition encompasses *everyone* that purchased a discount voucher and signed up for the ForeverClean membership, regardless of their intent or whether they were harmed. There is no legal basis for including in the proposed class individuals who have not suffered any claimed injury or would not claim to have been injured.

Federal Rule of Civil Procedure 23(a)(2) provides that "questions of law or fact common to the class" are a prerequisite to class certification. "While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether these common questions predominate. Though there is substantial overlap between the two tests, the 23(b)(3) test is 'far more demanding,' [citation] and asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation,' [citation]." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010).

The factual predicate for the instant complaint and putative class claims is that Plaintiffs were "unaware" they were being signed up for the ForeverClean Membership and "would not have purchased the discounted cleaning" had they

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

known these facts. TAC, ₱₱ 6, 7, 50, 65, 71, 76, 86, 93. Plaintiffs further allege consumers "only [] learn the truth when they receive a billing statement that includes a $49 Membership fee." TAC, ₱ 27. This allegation is belied by the allegations in paragraph 13 wherein Plaintiffs state "…Homeaglow discloses for the first time that 'This voucher requires a 6-month ForeverClean Membership'" on its website *before* the checkout page, as well as judicial rulings in this case. See *Id*., ₱₱ 13-14.

In fact, it is now the law of the case that Plaintiffs and each putative class member entered into contracts with Homeaglow that are controlled by Terms & Conditions explaining the conditions of the discount voucher. *Stacy v. Colvin* (9th Cir. 2016) 825 F.3d 563, 567, citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) ("The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case."). In its ruling denying Homeaglow's motion to compel arbitration, this Court stated Homeaglow "offered Plaintiffs a voucher for a discounted cleaning in exchange for $19 and an additional $49/month recurring charge" for the requisite ForeverClean Membership. When Plaintiffs accepted that offer and paid the upfront $19, "Plaintiffs and Homeaglow had formed contracts." Dkt. 19, 12:3-8. The court held the "Terms & Conditions" presented before Plaintiffs accepted the offer by paying $19 (shown in the Customer Experience Video at 0:11) are the only ones they agreed to. *Id*., 19:8-11. Those "Terms & Conditions" were quoted by this Court from the Video of the website as follows:

> Valid only for new clients. Online appointment required. 24 hour cancellation policy applies. Expires after 1 year. **Voucher requires a ForeverClean Membership** which grants future cleanings at more than 50% off. **Membership is charged at $49/month**. Membership can be cancelled any time. However, **cancelling before 6 paid months will result in first cleaning being charged at full price**.

Dkt. 19, 19:26-10:7 (emph. added).

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

This Court has already determined what the parties did and did not agree to. In denying the motion to compel arbitration, this Court ruled that Plaintiffs had not agreed to the lengthy "Terms & Conditions" that contained an agreement to arbitrate because those were "additional" terms and conditions that were presented after the parties had already formed contracts. See Dkt. 19 at 3-13.

Plaintiffs argued on appeal that the trial court's ruling was correct, and the appellate court accepted Plaintiffs' and the trial court's representation that the only controlling "Terms & Conditions" are those presented before Plaintiffs input their payment information to purchase the voucher. The appellate court stated, "at the outset of the transaction, consumers are shown a set of 'Terms & Conditions' that require the consumer to purchase a ForeverClean membership with their discount voucher and discusses other terms related to voucher expiration and membership pricing." RJN Ex. B, p. 3. The appellate court held, "Homeaglow's first set of 'Terms & Conditions' expressly links the purchase of the voucher with a 'required' Forever Clean membership..." *Id*., p. 4.

These Terms & Conditions were readily noticeable by this Court and by the appellate court—so much so that both courts concluded "a reasonable consumer would not know" that by clicking the "I Agree, Get Clean!" button that had a hyperlink to Terms & Conditions containing an arbitration provision, "they were assenting to any 'Terms & Conditions' *other than those that had already been presented to them before their purchase of a cleaning voucher*." RJN Ex. B, p. 5; emph. added.  The inference is that a reasonable consumer would have already reviewed the "Terms & Conditions" quoted above and thus, there would be no reason to click the hyperlink to review them again. Indeed, the appellate court cited *Doe v. Massage Envy Franchising, LLC*, 303 Cal. Rptr. 3d 269, 277 (2022) for the proposition "it is reasonable for consumers to believe that notice of terms of use referred to terms that were previously presented." *Id*.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

Even assuming it is true that the named Plaintiffs here were "unaware" of the Terms & Conditions explaining that the transaction "requires the consumer to purchase a 'Forever Clean membership' with their discount voucher and discusses other terms related to voucher expiration and membership pricing," (as characterized by the court of appeal) it does not follow that *all* persons who bought the voucher did not review those terms. RJN Ex. B, p. 3. Plaintiffs' conclusory allegations that *all* consumers would not have purchased the voucher had they known about the membership is not plausible and cannot be maintained in light of the law of the case. Plaintiffs have not alleged a factual basis for certification of this proposed sub-class and will be unable to satisfy the requirements of Rule 23.

### b. The proposed "Early Termination Fee Class"

Plaintiff proposes a second sub-class as follows:

The Early Termination Fee Class: **All** members of the Automatic Renewal Class who, within the applicable statute of limitations period incurred and paid Defendant's ForeverClean Membership early termination fee.

TAC, ⁋ 35.

This proposed sub-class is similarly overbroad and not factually supported by Plaintiffs' allegations. Consumers cancel subscription-based services for a host of reasons. The only factual basis for the relief sought in the complaint is the allegation that Plaintiffs did not read *any* of the disclosures relating to the terms and conditions of the discount voucher, did not agree to the recurring charge, and thus sought to cancel the membership *for that reason*. Individuals that canceled the Membership for any other reason fall outside of the factual predicate for the claims herein.

The same analysis as above is applicable here. This Court and the appellate court denied Homeaglow's motion to compel arbitration based on the inference a reasonable consumer would have read the Terms & Conditions quoted above,

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1    which expressly states how an early termination of the Membership will be treated.

2    Plaintiffs also allege that this information is stated on the website: "Should a

3    consumer desire to cancel the membership prior to the conclusion of the initial

4    term, they are charged and (sic) 'early termination fee' which is the delta between

5    a full-priced cleaning and the reduced-priced cleaning." TAC, ₽ 15. There are no

6    factual allegations that this method of calculation is unreasonable, or that all

7    consumers were unaware of it. Indeed, it can readily be inferred that charging the

8    difference between the discounted rate and the actual rate simply makes

9    Homeaglow whole if a customer does not hold up their end of the bargain.

10            ii.        Typicality is lacking.

11           As addressed above, Plaintiffs' assertion that their claims are typical of the

12    claims of all members of the proposed sub-classes is not supported by the factual

13    allegations or judicial rulings. The purpose of the typicality requirement is to

14    ensure that the interest of the named representative aligns with the interests of the

15    class. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "The test

16    of typicality is whether other members have the same or similar injury, whether

17    the action is based on conduct which is not unique to the named plaintiffs, and

18    whether other class members have been injured by the same course of conduct."

19    *Ibid.* Often, the typicality and commonality inquiries "tend to merge." *Ruiz Torres*

20    *v. Mercer Canyons, Inc.*, 825 F.3d 1125, 1141, n. 11 (9th Cir. 2016).

21           Plaintiffs claim they and the putative class sustained damages "based on

22    Defendant's failure to obtain Plaintiffs' and the Class's affirmative consent to the

23    automatic renewal offer terms or continuous service offer terms associated with

24    the ForeverClean Membership before charging their Payment Methods and/or

25    based upon Defendant's ForeverClean Membership early termination fee." TAC,

26    ₽ 41.

27           But Plaintiffs' claims are not "typical" of *every single person in California*

28    *in the past six years that has purchased a discount voucher*, which is the Class

18

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

Plaintiffs here propose. Individuals that have not been injured or claim to have been injured would not have standing on their own and cannot be included. See *Clay v. American Tobacco Company,* 188 F.R.D. 483, 490 (S.D.Ill. 1999). It is not plausible that every individual that purchased a voucher had both the same "belief" and same online experience the Plaintiffs did; yet, they ask this Court to engage in just such a fiction.

Additionally, it is undisputed that Homeaglow's website has not remained static. As of the time of this Court's ruling on the motion to compel arbitration on February 7, 2024, the customer interface was different from that of the Plaintiffs in March 2023. See Dkt. 19 at 3:9-16 and fn. 2, stating Plaintiffs requested the Court take judicial notice of "this historic version of Homeaglow's webpage."

Plaintiffs have not sufficiently alleged a factual basis for typicality based on the proposed sub-classes.

## B.    Plaintiffs Have Not Alleged a Factual Basis to Establish Standing Under the Unfair Competition Law

California's Unfair Competition Law ("UCL") prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice." Bus. & Prof. Code, § 17200. Therefore, under the statute "there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." *Daugherty v. American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824, 837 (2006). "The UCL's 'unlawful' prong 'borrows violations of other laws … and makes those unlawful practices actionable under the UCL.' [Citation.] '"[V]irtually any law or regulation—federal or state, statutory or common law—can serve as [a] predicate for [an] … 'unlawful' [prong] violation."'" *Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*, 43 Cal. App. 5th 988, 994 (2019), quoting *Candelore v. Tinder, Inc.*, 19 Cal. App. 5th 1138, 1155 (2018).

In their first cause of action Plaintiffs allege a violation of the UCL's "unlawful and/or unfair" prong based on violations of California's Auto Renewal

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1  Law (ARL) (TAC at ⁋ 47); False Advertising Law (FAL) (⁋ 48); and Civil Code
2  §1671 (⁋ 49)[3].

3     A person has standing to bring a claim under the UCL only if they establish
4  that (1) he or she "has suffered" "economic injury" or "damage," and (2) this injury
5  or damage "was the result of, i.e., caused by," the unfair business practice "that is
6  the gravamen of [their] claim." *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310,
7  322, 326, some italics omitted (2011) (*Kwikset*). "[F]ederal article III standing is
8  far broader than the standing requirement contained in section 17200, which
9  expressly requires a financial loss caused by the defendant's conduct. As the
10  California Supreme Court explained … 'because economic injury is but one among
11  many types of injury in fact, the … requirement that injury be economic renders
12  standing under section 17204 substantially narrower than federal standing under
13  article III, section 2 of the United States Constitution, which may be predicated on
14  a broader range of injuries.'" *Mayron v. Google LLC*, 54 Cal. App. 5th 566, 576
15  (2020).

16     A claim under the UCL must state factual allegations regarding an actual
17  "personal, individualized loss of money or property *in any non-trivial amount*."
18  *Kwikset,* 51 Cal. 4th at 325; emph. added. "Because the lost money or property
19  requirement is more difficult to satisfy than that of injury in fact, for courts to first
20  consider whether lost money or property has been sufficiently alleged or proven
21  will often make sense. If it has not been, standing is absent and the inquiry is
22  complete." *Ibid*.; see also *Mayron v. Google LLC*, *supra*, 54 Cal. App. 5th at 576.

23     Plaintiffs' allegations do not include *facts* relating to their personal,
24  individualized loss of money in a non-trivial amount. Plaintiffs assert in a
25  conclusory allegation that they lost money in the form of paying the membership

26

27  [3] Plaintiffs' Second Cause of Action separately pleads a violation of the FAL, and
28  the Eighth Cause of action separately pleads a violation of Civil Code section
    1671(d).

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

fee and that plaintiff Andoh paid a cancellation fee. Plaintiffs do not provide any factual information regarding when they purchased a voucher, when they attempted to cancel the membership, any specific amounts they were actually charged (after any refunds), or any other details to establish their standing to bring this claim. Moreover, this Court has already concluded that Plaintiffs agreed to the membership fee, which membership was a requisite for the initial deeply discounted cleaning. Dkt. 19, 19:26-10:7. In order for any putative class member to have standing, the named Plaintiffs must first establish their own standing. *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009) ("standing requirements are applicable only to the [plaintiff-]class representatives").

To establish the second element of causation, Plaintiffs must allege and show that their economic injury comes "as a result of" the unfair competition. Bus. & Prof. Code, §§ 17204, 17535. Plaintiffs must show they "'actual[ly] reli[ed]'" on the "'allegedly deceptive or misleading statements'" and that it "'was an immediate cause'" of their injury. *Kwikset*, at 326–327; see also, *Troyk v. Farmers Group, Inc.,* 171 Cal. App. 4th 1305, 1349 (2009) ("the phrase 'as a result of' connotes an element of causation (i.e., [plaintiff] lost money because of [defendants'] unfair competition)"). There are no specific factual allegations relating to the named Plaintiffs to meet this threshold requirement for maintaining a UCL claim.

Plaintiffs also confusingly purport to bring a UCL claim based on a violation of the FAL; however, it is not brought under the "fraudulent" prong of the UCL, but lumped together with the other underlying statutes Plaintiffs allege under the "unlawful and/or unfair" prongs.

California's false advertising law bars "any advertising device … which is untrue or misleading." Bus. & Prof. Code, § 17500. "Because this law and the **fraudulent prong** of the unfair competition law substantively overlap [citations], the plaintiff's burden under these provisions is the same: To prevail on a claim

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1  under the false advertising law, she must show that "'"members of the public are

2  likely to be deceived"' [citations]" [citation] and must do so as adjudged through

3  the eyes of "the reasonable consumer" [citation]." *Shaeffer v. Califia Farms, LLC*,

4  44 Cal. App. 5th 1125, 1136 (2020); emph. added. This claim is not adequately

5  pled.

6        **C.    Plaintiffs Have Not Alleged a Factual Basis to Establish Standing**

7              **Under the False Advertising Law**

8        Plaintiffs' second cause of action for violation of the FAL seeks public

9  injunctive relief.  TAC, ⁋ 66. However, Plaintiffs merely allege in conclusory

10  language that defendants violated the statute, but fail to allege facts to establish

11  their standing to bring this claim directly.

12        Business and Professions Code section 17535, which allows for the

13  imposition of injunctive relief, requires such actions "be prosecuted by the

14  Attorney General or any district attorney, county counsel, city attorney, or city

15  prosecutor in this state in the name of the people of the State of California." Bus.

16  & Prof. Code, § 17535. "Any person may pursue representative claims or relief on

17  behalf of others only if the claimant meets the standing requirements of this section

18  and complies with Section 382 of the Code of Civil Procedure." *Id*. In other words,

19  Plaintiffs may sue if they have "suffered injury in fact and has lost money or

20  property as a result of a violation of" this statute, and comply with statutory class

21  action requirements. See *Guzman v. Bridgepoint Educ., Inc.*, No. 11cv69 WQH

22  (WVG), 2011 U.S. Dist. LEXIS 120611, at *13 (S.D. Cal. Oct. 19, 2011) (finding

23  plaintiff lacked standing because "Plaintiff's conclusory allegations regarding

24  general misrepresentations do not "provide the 'grounds' of [their] "entitle[ment]

25  to relief.'"). Like *Guzman*, there are no specific factual allegations to establish the

26  named Plaintiffs' standing to pursue this claim.

27        Moreover, Plaintiffs' conclusory allegations are contradicted by paragraph

28  15 and cannot be maintained based on the current law of the case. Plaintiffs allege,

22

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP

Attorneys at Law

1  "Had Homeaglow disclosed that a monthly membership fee was required,
2  Plaintiffs would not have purchased the discounted cleaning." TAC, ⁋ 65. But it is
3  already established (and Plaintiffs even allege) that Homeaglow's website *did*
4  make such a disclosure and expressly conditioned the discount voucher on a
5  ForeverClean Membership, which is charged at $49/month. See Dkt. 19, 12:3-8
6  (emph. added).

7      **D.**    **Plaintiffs Fail to State a Claim for Violations of the CLRA**

8      Plaintiffs' third cause of action alleges a violation of California's Consumer
9  Legal Remedies Act (CLRA), Civil Code sections 1750, et seq.

10      "[T]he standing requirements of the CLRA are essentially identical to those
11  of the [unfair competition law] and the [false advertising law]." *Veera v. Banana*
12  *Republic, LLC,* 6 Cal. App. 5th 907, 916 (2016); *Hinojos v. Kohl's Corp.,* 718 F.3d
13  1098, 1108 (9th Cir. 2013) (same).    CLRA claims based on alleged
14  misrepresentations also require that the plaintiff establish actual reliance. See
15  *Gonzales v. Nat. Factors Nutritional Prods*., No. 2:24-cv-02584-DSF, 2024 U.S.
16  Dist. LEXIS 196853, 2024 WL 4609853, at *6 (C.D. Cal. June 28, 2024)
17  ("California courts have interpreted the 'as a result of' language in the CLRA as
18  requiring the plaintiff to plead and prove actual reliance in accordance with well-
19  settled fraud principles."). "To adequately allege reliance, a plaintiff must, at
20  minimum, allege that he saw the representation at issue." *Id*. (citing *Durell v. Sharp*
21  *Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010)).

22      The same analysis as above applies here. The named Plaintiffs' conclusory
23  allegations cannot be maintained in light of the law of the case. TAC, ⁋⁋ 68-72.  To
24  the extent Plaintiffs attempt to allege that Homeaglow advertised a "one-off"
25  discounted cleaning which was misleading, pursuant to the law of the case
26  doctrine, it is already established that Homeaglow's website fully discloses the $19
27  voucher *requires* a ForeverClean membership, so there is no basis for Plaintiff's

28

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

purported "belief" that the voucher was a "one-off" cleaning. Dkt. 19, 19:26-10:7. The terms were disclosed and were accepted by the Plaintiffs.

### E.    Plaintiffs Fail to State a Claim for Breach of Contract

Plaintiffs' fourth cause of action for Breach of Contract alleges that they "never agreed that Homeaglow could charge them a monthly membership fee," the "term was not part of the parties' agreement and Homeaglow did not have the right to assess such charges," and that Homeaglow's conduct breached the agreement it entered into with consumers. TAC, ¶¶ 74-79. This allegation is directly contradicted by this Court's interpretation of the parties' agreement, which was affirmed on appeal. This allegation cannot be maintained.

It is the law of the case that Plaintiffs entered into contracts with Homeaglow controlled by the following Terms & Conditions:

> Valid only for new clients. Online appointment required. 24 hour cancellation policy applies. Expires after 1 year. Voucher requires a ForeverClean Membership which grants future cleanings at more than 50% off. **Membership is charged at $49/month**. Membership can be cancelled any time. However, cancelling before 6 paid months will result in first cleaning being charged at full price.

Dkt. 19, 12:3-8, 19:26-10:7; emph. added.

This Court has already determined what the parties did and did not agree to. The enforceable Terms & Conditions expressly state the Membership is charged at $49/month and Plaintiffs agreed to that when they accepted Homeaglow's offer by paying "the required upfront $19" for the voucher. Dkt. 19, 12:3-8. Plaintiffs cannot now allege Homeaglow breached the parties' agreement *by charging them a monthly membership fee* as this issue has already been preclusively determined as a matter of law.

### F.  Plaintiffs Fail to State a Claim for Conversion

Plaintiffs' Fifth cause of action alleges conversion claiming defendant made charges to Plaintiffs' and Class Members' Payment Methods without authorization.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1  Even if not barred by the prior rulings in this case, Plaintiffs fail to allege facts
2  sufficient to state a claim for conversion.

3      As it has developed in California, the tort of conversion comprises three
4  elements: "(a) plaintiff's ownership or right to possession of personal property, (b)
5  defendant's disposition of property in a manner inconsistent with plaintiff's
6  property rights, and (c) resulting damages." 5 Witkin, Summary 11th Torts, § 810,
7  1115 (2025); *Welco Electronics, Inc. v. Mora,* 223 Cal. App. 4th 202, 208 (2014).

8      While California law holds that property subject to a conversion claim need
9  not be tangible in form, the law has been careful to distinguish proper claims for the
10  conversion of money from other types of monetary claims more appropriately dealt
11  with under other theories of recovery. "Money cannot be the subject of a cause of
12  action for conversion unless there is a specific, identifiable sum involved, such as
13  where an agent accepts a sum of money to be paid to another and fails to make the
14  payment. [Citation.]" *McKell v. Washington Mutual, Inc.,* 142 Cal. App. 4th 1457,
15  1491 (2006); see *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil &
16  Shapiro, LLP,* 150 Cal. App. 4th 384, 395 (2007) (*PCO*). "[W]here the money or
17  fund is not identified as a specific thing the action is to be considered as one upon
18  contract or for debt"—or perhaps upon some other appropriate theory—but "not for
19  conversion." *Baxter v. King,* 81 Cal. App. 192, 194 (1927); see *Vu v. California
20  Commerce Club, Inc.*, 58 Cal. App. 4th 229, 231, 235 (1997) (rejecting conversion
21  claim where the plaintiff could not identify specific sum but only approximate
22  monetary losses); *PCO,* at p. 397 (same).

23      As noted above, there are no allegations relating to a specific sum Defendant
24  is alleged to have converted from each Plaintiff. Plaintiffs' general allegation of this
25  requisite element, stating the amount is "capable of identification" is insufficient.
26  See *PCO, supra*, 150 Cal. App. 4th 397.

27
28

### G. Plaintiffs Fail to State a Claim for Unjust Enrichment

Plaintiffs' sixth cause of action alleges unjust enrichment claiming defendant retained revenues derived from Plaintiffs' and the Class's purchase of the ForeverClean Membership and they are entitled to restitution. TAC, ⁋ 86-87.

"Unjust enrichment is synonymous with restitution. [Citation.]" *Durell v. Sharp Healthcare,* 183 Cal. App. 4th 1350, 1370 (2010) (*Durell*). A person is required to make restitution if the failure to do so would result in unjust enrichment. *First Nationwide Savings v. Perry,* 11 Cal. App. 4th 1657, 1662–1663 (1992). Restitution of the benefits conferred under a contract may be awarded if the contract is rescinded or determined to be unenforceable. *Durell, supra*, at 1370. Restitution based on unjust enrichment is not available, however, if an enforceable express contract determines the parties' rights and obligations. *Ibid*.

This Court has already determined an enforceable contract exists which is controlled by the Terms & Conditions explaining early cancellation of the Membership results in the initial discounted cleaning being charged at full price. Plaintiffs allege the "early termination fee" is the "delta between a full-priced cleaning and the reduced-priced cleaning." TAC, ⁋ 15. There are no allegations (and no facts) that Homeaglow pays contract cleaners the same discounted rate it charges customers for the introductory membership cleaning. Thus, no claim for unjust enrichment is plausibly pled here.

### H. Plaintiffs Fail to State a Claim for Negligent Misrepresentation

The essential elements of a count for intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage. *Lazar v. Superior Court,* 12 Cal.4th 631, 638 (1996). The essential elements of a count for negligent misrepresentation are the same except that it does not require knowledge of falsity but instead requires a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true. Civ. Code, § 1710, subd. 2; *West v. JPMorgan*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

*Chase Bank, N.A.*, 214 Cal. App. 4th 780, 792 (2013).  Each element of a fraud count must be pleaded with particularity so as to apprise the defendant of the specific grounds for the charge and enable the court to determine whether there is any basis for the cause of action. *Committee on Children's Television, Inc. v. General Foods Corp.,* 35 Cal. 3d 197, 216–217 (1983).

This is also a requirement of Federal Rule of Civil Procedure 9(b). Because Plaintiffs' claims sound in fraud, they "must overcome a heightened pleading standard under Rule 9(b)." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1031 (9th Cir. 2016). Specifically, Rule 9(b) reads as follows: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiffs here allege Defendant misrepresented in its promotional discounted cleanings that customers can book a cleaning for $19, but "omitted, failed to disclose, and intentionally concealed from such advertisements and related statements material facts concerning billing for an automatically-renewing membership, cancellation of the Membership and the associated early termination fee…" TAC at ¶ 89. Again, this allegation has been negated by the judicial rulings which are now the law of the case, as well as other allegations in the TAC. The relevant "Terms & Conditions" are readily apparent on the website and inform consumers what the conditions are for a $19 cleaning. A marketing catchphrase is just that, and a reasonable consumer understands that.[4] The factual allegations do not meet the heightened pleading standard for this claim.

---

[4] A reasonable consumer is not going to believe Disneyland is actually the "happiest place on earth" or that Kentucky Fried Chicken's food is so good you'll want to lick your fingers ("finger licking good"). Nor would a reasonable consumer believe a company would provide "one-off" extremely discounted cleaning services with no strings attached.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

## I. Plaintiffs Fail to State a Claim for Imposition of an Illegal Penalty

Plaintiffs' eighth cause of action alleges a violation of California Civil Code section 1671(d). Section 1671(d) states, "a provision in a contract liquidating damages **for the breach of the contract** is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." Civ. Code, § 1671(d); emph. added. Plaintiffs allege the "early cancellation fee" is a liquidated damages provision under this section and unlawful because "any actual damages" defendant sustained by an "early termination of the ForeverClean Membership are neither impracticable nor extremely difficult to fix." TAC, ⁋ 98. This claim for relief and Plaintiffs' factual allegations are internally inconsistent. They are also inconsistent with this Court's prior determination of the parties' contractual relationship and the terms that control it.

The question whether a contractual provision is an unenforceable liquidated damages provision is one for the court. *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1393 (1991). First, this Court has already determined the parties' contract terms. These terms expressly state, "Membership can be cancelled any time. However, cancelling before 6 paid months will result in first cleaning being charged at full price." Dkt. 19, 19:26-10:7.

Second, "to constitute a liquidated damage clause the conduct triggering the payment must in some manner breach the contract." *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1315 (2005). The SAC itself describes defendant's damages as resulting from an "**early termination** of the ForeverClean Membership," not a breach. SAC at ⁋ 95; emph. added. Under California law "[w]here a contract for a specified period of time permits a party to terminate the agreement before its expiration in exchange for a lump-sum monetary payment, the payment is considered merely an alternative to performance, and not a penalty."

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

*Morris v. Redwood Empire Bancorp*, *supra*, 128 Cal. App. 4th at 1314 (citing *Blank v. Borden*, 11 Cal. 3d 963, 970 (1974)). Such a clause, therefore, falls outside the scope of section 1671(d) and is not prohibited. *Hedstrom v. Truxtun Radiology Med. Grp.*, No. F056068, 2009 Cal. App. Unpub. LEXIS 5772, 2009 WL 2139061, at *3 n.1 (Cal. Ct. App. July 20, 2009) (a contractual "provision that authorizes payment in exchange for early termination is generally considered an alternative to performance and not a penalty."). Here, if a customer chooses to end the membership early, they can do so in exchange for payment of the full value of the initial cleaning they received. *Blank, supra,* 11 Cal. 3d at 970.

Third, even if Plaintiffs' early termination could be called a "breach" and this provision were applicable, Plaintiffs concede the amount bears a relationship to Homeaglow's "actual damages" and is calculable. See TAC, ¶ 15. It is only when there is no relationship between the liquidated damages and the damages the parties anticipated would result from a breach, that a liquidated damages clause will be construed as an unenforceable penalty. *Ridgley v. Topa Thrift & Loan Assn.,* 17 Cal. 4th 970, 977 (1998).

## V.    CONCLUSION

Based on the foregoing, Defendant respectfully requests the TAC be dismissed.

Dated:  July 23, 2025

**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**

*/s/ Michelle L. Gearhart*

_____

James M. Wagstaffe
Michelle L. Gearhart
Attorneys for Defendant
HOMEAGLOW, INC.
d/b/a DAZZLING CLEANING

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for HOMEAGLOW, INC. d/b/a DAZZLING CLEANING, certifies that the memorandum of points and authorities contains 6,937 words, which complies with the word limit of L.R. 11-6.1.

Dated:  July 23, 2025

**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**

*/s/ Michelle L. Gearhart*

_____

James M. Wagstaffe
Michelle L. Gearhart
Attorneys for Defendant
HOMEAGLOW, INC.
d/b/a DAZZLING CLEANING

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT**