UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:  **[IN CHAMBERS] Order Regarding Motion to Dismiss Third Amended Complaint [43]**

Defendant Homeaglow, Inc. d/b/a Dazzling Cleaning ("Homeaglow" or "Defendant") moves to dismiss Plaintiffs Seth Seneca and Lisa Andoh's ("Plaintiffs") Third Amended Complaint.  (Mot., Dkt. No. 43.)  Richards opposed the motion.  (Opp'n, Dkt. No. 46.)  Defendant replied.  (Reply, Dkt. No. 47.)

For the following reasons, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

## I. Background

The following facts are taken from the Third Amended Complaint.  (TAC, Dkt. No. 39.)

Homeaglow is an on-demand cleaning services company.  (Id. ¶ 1.)  Customers may book cleaning services through either of Homeaglow's websites: https://www.homeaglow.com/ and https://www.dazzlingcleaning.com/ (the "Websites").  (Id.)

The Websites feature a promotion for "Get Clean for $19," promising "a limited number of deeply discounted cleanings in select areas just for trying us out."  (Id. ¶ 2.)  When a consumer clicks on the promotion, the consumer is routed to a site that states the number of remaining vouchers (i.e., discounted cleanings) and time left to book the discounted cleaning.  (Id. ¶ 11.)  These numbers follow the consumer until checkout.  (See id. ¶¶ 13–14.)  Plaintiffs allege that "Homeaglow fictitiously imposes the number of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

vouchers remaining and time left to book in order to fabricate scarcity of the vouchers and invoke urgency on the consumer to book the cleaning." (Id.)

When consumers proceed to the next page to attempt to obtain their $19 promotion, they receive a page that states "Get 62% off every clean with ForeverClean membership." (Id. ¶ 13.) Plaintiffs allege that consumers believe this is an optional promotion, distinct from the discrete voucher they are attempting to purchase. (Id.) According to Plaintiffs, only "in minuscule print not centered or highlighted" is there a disclosure that "[t]his voucher requires a 6-month ForeverClean membership." (Id.) At the checkout page, consumers see the text: "By clicking 'Purchase & Schedule' below, you agree, by legal binding electronic signature, to our Terms & Conditions, which includes an arbitration agreement, and Privacy Policy." (Id.) The hyperlinked "Terms & Conditions" and "Privacy Policy" text contain information regarding the minimum 6-month commitment Membership and "early termination fee," the difference between a full-priced cleaning and reduced-price cleaning. (Id. ¶¶ 14–15.)

Plaintiffs allege that this monthly Membership charge is not adequately disclosed to consumers; consumers believe they are booking a one-time cleaning, not enrolling in a membership with an early termination fee. (Id. ¶¶ 2–3.) Plaintiffs bring this suit as a class action on behalf of themselves and all other similarly situated members of their proposed class. (Id. ¶¶ 33.)

On November 3, 2023, Plaintiffs filed their initial complaint in Los Angeles County Superior Court. (Mot. at 10.) After Defendant removed to this Court, they filed a motion to compel arbitration. (Id.) On February 7, 2024, this Court denied the motion because Plaintiffs had not manifested their assent to be bound by Homeaglow's "Terms & Conditions" containing the arbitration provision. (Id. at 11.)

Presently, the Plaintiffs bring claims against Defendant for (1) Violation of California's Unfair Competition Law ("UCL"), (2) Violation of California's False Advertising Law ("FAL"), (3) Violation of California's Consumer Legal Remedies Act ("CLRA"), (4) Breach of Contract, (5) Conversion, (6) Unjust Enrichment, (7) Negligent Misrepresentation, and (8) Imposition of an Illegal Penalty. (See id., generally.) Plaintiffs bring this action as a class lawsuit on behalf of themselves and all other similarly situated members of the Class under Federal Rule of Civil Procedure, Rule 23. (Id. ¶ 33.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

## II. LEGAL STANDARD

1.  *12(b)(6) Motion to Dismiss for Failure to State a Claim*

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

2.  *Request for Judicial Notice*

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). The Court takes judicial notice of the documents in the Request for Judicial Notice ("RJN") pursuant to Fed. R. Evid. 201. All of the documents in the RJN contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

### III. DISCUSSION

Defendant moves to dismiss Plaintiffs' TAC in its entirety and argue that Plaintiffs have failed to allege a factual basis to satisfy the requirements of class certification under Rule 23 at this pleading stage. (See Mot. at 8.) The Court first addresses Defendant's Request for Judicial Notice, then addresses arguments regarding the law of the case. Next, the Court addresses the parties' arguments regarding Rule 23 class certification before analyzing each of the claims targeted by Defendant's motion to dismiss.

1. *Defendant's Request for Judicial Notice*

Defendant filed a request for judicial notice ("RJN") in support of this motion. (See Defendant's RJN, Dkt. No. 44.) Specifically, Defendant seeks judicial notice of the following:

   a. Dkt. 19 – Order Denying Defendant's Motion to Compel Arbitration (Defendant's RJN, Ex. A.)
   b. Memorandum issued by United States Court of Appeals for the Ninth Circuit. (Defendant's RJN, Ex. B.)
   c. Mandate issued by United States Court of Appeals for the Ninth Circuit. (Defendant's RJN, Ex. C.)

The Court finds that all of the documents for which Defendant seeks judicial notice are matters of public record that are not subject to reasonable dispute. See Lee, 250 F.3d at 688–89; Fed. R. Evid. 201(b). Furthermore, the documents contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b)(2). Accordingly, the Court **GRANTS** Defendant's request for judicial notice of RJN Exhibits A-C.

2. *Law of the Case*

Both parties spend a substantial amount of their briefing arguing about the law of the case based on prior orders in response to Homeaglow's motion to compel arbitration. (See Mot. at 15–16; Opp'n at 3–6; Reply at 5–10.) The law of the case doctrine precludes reconsideration of issues "decided explicitly or by necessary implication" in an earlier phase of the case. United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

Cir. 2000). The issues must have been "considered and actually decided by the first court." Andrews Farm v. Calcot, Ltd., 693 F. Supp. 2d 1154, 1164 (E.D. Cal, 2010) (citing Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir. 1995)). For an issue to be "considered and actually decided," parties must have had an opportunity to argue it. See Mortimer v. Baca, 594 F.3d 714, 720–21 (9th Cir. 2010). The Ninth Circuit interprets holdings from prior orders to be the law of the case. See United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Emps. of ASARCO, Inc., 512 F.3d 555, 563–64 (9th Cir. 2008) (distinguishing the court's comments on an issue from the holding); Mortimer, 594 F.3d at 720–21 (same).

In early 2024, Defendant attempted to enforce an arbitration agreement that existed in a second version of Terms and Conditions presented to the consumer after they purchased a voucher. (Opp'n at 4.) This Court denied the motion, reasoning, in part, that the earlier presentation of Terms and Conditions meant that a reasonable consumer would not expect different terms, such as the arbitration clause, to appear later. (Order Denying Motion to Compel Arbitration ("Arbitration Order"), Dkt. No. 19, at 9–10; Opp'n at 4.) These first Terms and Conditions contained details linking the purchase of the voucher with the recurring monthly membership. (Reply at 9.)

Plaintiffs focus on particular language from this Court:

> As alleged, Homeaglow (perhaps deceptively) offered Plaintiffs a voucher for a discounted cleaning in exchange for $19 and an additional $49/month recurring charge. (See FAC ¶¶ 27.) Plaintiffs accepted that offer when they paid the required upfront $19 after scrolling through various webpages, which included a brief set of "Terms & Conditions." . . . At this point, Plaintiffs and Homeaglow had formed contracts.

(Arbitration Order at 12; see also Ninth Circuit Memorandum, Dkt. No. 24, at 3.)

Defendant argues that this language sets the law of the case: a valid contract existed between Plaintiffs and Homeaglow regarding the purchase of the recurring Membership. (Mot. at 15.) Plaintiffs have never disputed that the Websites disclose the requirement of a six-month Membership with the purchase of a voucher. (TAC ¶ 13 ("In minuscule print not centered or highlighted, Homeaglow discloses for the first time that 'This voucher requires a 6-month ForeverClean membership.'")). But they debate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

whether consumers were aware of this disclosure, creating a valid contract. (See id. ¶ ¶ 2; 17–23; 27–29; Mot. at 5, 15–17.) Defendant argues that the Arbitration Order's recognition of a valid contract suggests that all consumers were aware, or should have been aware, of the Membership when they purchased their discounted voucher. (See Mot. at 16–17; Reply at 7–9.)

 This Court emphasizes that the focus of the prior order was the validity of the *second* Terms and Conditions (containing the arbitration agreement), not the first. To determine whether the second Terms and Condition were binding, the Court looked to whether users unambiguously manifested their assent. (Arbitration Order at 7.) Defendant argues that this Court's assessment of the validity of the first Terms and Conditions was "integral" to determining the validity of the second. (Reply at 9.) But the Arbitration Order lists several factors in making this determination: the categorization of the proposed agreement as browsewrap, clickwrap, scrollwrap, or sign-in wrap, see B.D. v. Blizzard Ent., Inc., 292 Cal. Rptr. 3d 47, 60 (Cal. App. 2022) (describing California's four categories of internet contract formation), the format and color of the second Terms and Conditions' text, and the presentation of the second Terms and Conditions on a page about scheduling, not payment. (See Arbitration Order at 9–10.) Finally, the Court mentions that consumers were likely to assume that the same Terms and Conditions they had been presented with earlier would have reappeared, unchanged, when mentioned in the second instance. (Id. at 10.)

 Given the many factors considered by the earlier court, this Court finds that the statement that the first Terms and Conditions established a contract was not fully "considered and actually decided" by the Arbitration Order's holding.[1] Thus, the Court disagrees with Defendant's characterization that the "existence of a contract controlled by those limited terms and conditions was a necessary and predicate finding to this Court's determination that the later presented terms and conditions could not bind the plaintiff." (Reply at 9.)

---

 [1]The Arbitration Order also finds that the second Terms and Conditions could not bind plaintiffs because they were not supported by separate consideration. (Arbitration Order at 11–13.) This finding assumes that agreement to the first Terms and Conditions created a valid contract. (See Reply at 9.) However, this finding is alternative to the mutual assent conclusion, and thus does not change this Court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

In contrast to the treatment of the second Terms and Conditions, the Arbitration Order did not fully analyze whether the first Terms and Conditions created a binding, enforceable contract.  As Plaintiffs argue, "the prior ruling did not decide the merits of whether Homeaglow's disclosures comply with California's consumer protection laws." (Opp'n at 11.)  Neither party had the opportunity to argue about the conspicuousness of that first set of Terms and Conditions in briefing the motion to compel arbitration.  To deny the parties the opportunity to argue that issue would be inequitable and prejudice the Plaintiffs.  Mortimer, 594 F.3d 714, 720–21 (9th Cir. 2010) (describing that a court's comments concerning an issue do not amount to an actual decision, in part because parties have not had a chance to brief the issue).

Thus, the issue of whether the first Terms and Conditions were conspicuous enough to bind consumers to the Membership was not "considered and actually decided" in the earlier order.  See Andrews Farms, 693 F.Supp.2d at 1164.  Therefore, this Court is not bound to the law of the case related to the first set of Terms and Conditions.

3.   *Survival of Class Claims*

Pursuant to Rule 23, Plaintiffs seek to bring their claims as a class action.  (TAC ¶ 33.)  Defendant argues that Plaintiffs' class claims do not survive at this pleading stage because their proposed class definition is overbroad and factually unsupported.  (Mot. at 13.)

As a preliminary matter, the Plaintiffs argue that dismissal of class allegations is inappropriate at the pleading stage because they should be allowed to conduct discovery before making their case for class certification.  (See Opp'n at 6.)  But Plaintiffs present no rule requiring discovery before the Court may evaluate the sufficiency of the class claims.  In fact, Rule 23(c)(1) requires that as soon as practicable after the commencement of a class action, "the court shall determine by order whether it is to be maintained."  Gillibeau v. City of Richmond, 417 F.2d 426, 432 (9th Cir. 1969). Plaintiffs are correct that dismissal of class allegations prior to discovery is rare, (see Opp'n at 6.), but it is appropriate "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."  Valdez v. Harte-Hankes Direct Mktg./Fullerton, Inc., No. SA CV 17-0525-DOC (KESx), 2017 WL 10592135, at *4 (C.D. Cal. Dec. 21, 2017).  The Court must examine whether the proposed class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
|---|---|---|---|
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

members' allegations, if taken as true, would entitle the class to relief. See Valdez, No. 2017 WL 10592135, at *5.

To bring a class action, plaintiffs must establish: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties will fairly and adequately protect the interests of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Sanders v. Apple Inc., 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). A class cannot be so broad as to include individuals who are without standing to bring the claim on their own. Clay v. American Tobacco, 188 F.R.D. 483, 490 (S.D. Ill. 1999).

Plaintiffs propose two sub-classes, and the Court looks to the sufficiency of the pleading of each in turn.

    a.    *The proposed "Automatic Renewal Class"*

Plaintiffs propose the following sub-class:

> The Automatic Renewal Class: All persons in California who, within the applicable statute of limitations period incurred renewal fee(s) in connection with Defendant's ForeverClean Membership.

(Id. ¶ 35.) Defendant argues that this sub-class is overbroad and challenge its typicality because the class encompasses consumers who purchased the discounted voucher with the intention of signing up for the Membership, and thus have not incurred injury. (Mot. at 14; 18–19.) But Plaintiffs allege that every consumer "would not have purchased the discounted cleaning" if they knew they were signing up for a monthly membership. (TAC ¶ 65.) Thus, Plaintiffs argue, every member of the proposed sub-class was injured when he or she incurred renewal fees. (Opp'n at 7.)

Plaintiffs are correct that at this stage of the pleadings, the Court must accept "all well-pleaded" factual allegations as true. Daniels-Hall, 629 F.3d at 998. Yet it stretches belief that *none* of the customers who purchased the one-time cleaning sought to obtain the accompanying Membership. Defendant argues that without proof of each individual's intent, Plaintiffs cannot show individual injury. (See Mot. at 14.) However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

Plaintiffs have another path to alleging harm of the sub-class without implicating intent: violation of California's Auto-Renewal Law ("ARL"). Cal. Bus. & Prof. Code § 17602; (See Opp'n at 7–9.)

Plaintiffs allege violation of ARL as a basis for their Unfair Competition Law ("UCL") claim. (TAC ¶¶ 17–22; 44–59). Compliance with the ARL requires that Defendant (1) provides its terms in a "clear and conspicuous manner before the subscription . . . in a visual proximity . . . to the request for consent to the offer," (2) obtains affirmative consent before charging money, and (3) provides an acknowledgment including cancellation policies and procedures. See Cal. Bus. & Prof. Code §§ 17602(a)(1)-(3); (Opp'n at 7–8.). Failure to meet any of these requirements results in an ARL violation. Id. Compliance is determined from the perspective of the publisher, not the user. Id.; Sanderson v. Whoop, Inc., No. 3:23-CV-05477-CRB, 2025 WL 744036, at *8 (N.D. Cal. Mar. 7, 2025). Courts recognize that if ARL liability turned on how consumers perceived auto-renewals, ARL classes would never be certified–yet they are. See, e.g., Sanderson, 2025 WL 744036, at *8.

Under an ARL claim, Defendant's argument about class member intent and harm is no longer relevant. Violation of the ARL creates an injury in consumers whether they wanted a membership or not, because the company "was not entitled to charge customers" and "unlawfully retained subscription payments." See Sanderson, 2025 WL 744036, at *11 (quoting Johnson v. Pluralsight, LLC, 728 F. App'x 674, 676 (9th Cir. 2018)). Taking their factual allegations as true, Plaintiffs have sufficiently plead a claim for violation of ARL as a basis for derivative causes of action.

Plaintiffs have successfully alleged a factual basis for certification of the proposed "Automatic Renewal Class." At this stage of the pleadings, the Court need not further evaluate the likelihood of certification. Therefore, the Court **DENIES** Defendant's motion to dismiss claims alleged by the "Automatic Renewal Class."

      b.    *The proposed "Early Termination Fee Class"*

Plaintiffs propose the following sub-class:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

The Early Termination Fee Class: All members of the Automatic Renewal Class who, within the applicable statute of limitations period incurred and paid Defendant's ForeverClean Membership early termination fee.

(Id. ¶ 35.) Defendants argue this class is overbroad and challenge its typicality because the class encompasses consumers who sought to cancel their membership for reasons other than learning of the recurring charge. (Mot. at 17–19.) Plaintiffs again ask the Court to assume the facts alleged as true, suggesting that all customers who canceled their Membership did so because they did not intend to sign up for recurring charges. (See Opp'n at 9.) Plaintiffs cannot plausibly allege the intent of every individual who sought to cancel their Membership.

But Plaintiffs make another argument that may be common among the proposed sub-class: they argue that California's laws limit the enforcement of liquidated damages in consumer contracts, regardless of the consumer's intent in cancellation or agreement to such a penalty. (Id. at 9–10.) Under Cal. Civ. Code § 1671, a provision in a contract liquidating damages is void unless the party seeking enforcement of the liquidated damages shows that (1) fixing the amount of actual damages is impracticable or extremely difficult, and (2) the amount sought represents a reasonable effort to fairly compensate for the loss sustained. Cal. Civ. Code § 1671(d). Absent either of these elements, the provision is void. Id.

Whether this claim, common among the "Early Termination Fee Class," survives depends on whether the cancellation fee was a form of liquidated damages. If the payment of a specified fee is not triggered by breach or default, but rather by one of the parties changing their mind, "the payment is considered merely an alternative to performance," not a form of liquidated damages. Morris v. Redwood Empire Bancorp, 128 Cal. App. 4th 1305, 1314 (2005). But the parties' knowledge at the time of contracting is critical to this determination. In Hutchinson v. Yahoo! Inc., 396 Fed. App'x. 331, 333–34 (9th Cir., 2010), the Ninth Circuit found that early termination fees in a consumer contract did not constitute liquidated damages because the plaintiffs intentionally chose a contract with up-front and monthly discounts, knowing that such benefits came with the catch of an early termination fee. If consumers had no choice in their contracting terms, the court would have considered the early termination fee to be a penalty. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-02308-JVS-ADS                                    Date  September 23, 2025

Title  Seth Seneca et al v. Homeaglow Inc. et al

Here, the parties debate the central question of consumers' knowledge. Plaintiffs argue that consumers did not know of the early termination fee, let alone the Membership, and thus they had no true and rational choice in incurring the cancellation fee. (Opp'n at 14.) Defendant argues that consumers were well-aware because of the Terms and Conditions, and thus the fee was an alternative to performance. (Mot. at 28–29; Reply at 14–15.) Thus, whether Section 1671 even applies is a question of consumer knowledge and choice. Because, as established, Plaintiffs cannot plausibly allege that every member in their putative "Early Termination Fee" sub-class was unaware of the terms of their contract, they cannot allege that every member has the Section 1671 claim in common.

Thus, the Court agrees with Defendant that the "Early Termination Fee" sub-class is overbroad and is not plausibly alleged at this stage of the pleading. Therefore, the Court **GRANTS** Defendant's motion to dismiss claims alleged by the "Early Termination Fee Class," with leave to amend.

4.      *First Cause of Action: Violation of Unfair Competition Law*

Under the First Cause of Action, Plaintiffs allege a violation of the UCL based on violations of California's ARL, California's False Advertising Law ("FAL"), and Cal. Civ. Code § 1671. (TAC ¶¶ 47, 48, 49.) California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Virtually any law—federal, state or local—can serve as a predicate for an action under [the UCL]." Roper v. Big Heart Pet Brands, Inc., 510 F. Supp. 3d 903, 921 (E.D. Cal. 2020).

Defendant argues that Plaintiffs have not pled a factual basis to establish standing under the UCL. (Mot. at 19–22.) An individual has standing to bring a claim under the UCL only if they establish that (1) he or she "has suffered" "economic injury" or "damage," and (2) this injury or damage "was the result of, i.e., caused by," the unfair business practice "that is the gravamen of [their] claim." Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322, 326 (2011).

a.      *Economic Injury*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

There are many ways a plaintiff can plead economic injury. Moore v. Centrelake Med. Grp., Inc., 83 Cal. App. 5th 515, 527 (2022). For instance, a party satisfies the economic injury prong if they allege a "personal, individualized loss of money or property in any nontrivial amount" or "that he or she would not have bought the product but for the misrepresentation." Id. at 325, 330.

Defendant argues that Plaintiffs' have not alleged facts regarding their personal, individualized loss of money, such as details about when they purchased the voucher, when they attempted to cancel the voucher, or specific amounts charged. (Mot. at 20.) Defendant is correct that Plaintiffs exclude details that may be pertinent on other claims and damages, but Defendant provides no law suggesting that exact calculations of lost money are required for adequate pleading. At this stage, Plaintiffs only need to show "some specific, identifiable trifle of injury." Kwikset, 51 Cal. 4th at 324 (discussing that although the economic injury requirement is more qualitatively restrictive than federal injury-in-fact, it is not more quantitatively difficult to satisfy). Even without approximating their total loss, Plaintiffs satisfy this scant requirement by pleading lost money in the form of the $49 monthly membership fee, and for Ms. Andoh, an early termination fee of over $100. (TAC ¶¶ 6–7, 45; Opp'n at 11.)

Plaintiffs also describe economic injury as a result of the fact "that [they] would not have bought the product but for the misrepresentation." Kwikset, 51 Cal. 4th at 325, 330. Plaintiffs continuously plead they would not have purchased the discounted voucher had they known a monthly membership fee was required. (See TAC ¶¶ 6, 7, 50, 65, 71, 86, 93; Opp'n at 11.) Taking Plaintiffs' alleged facts as true, the Court finds that Plaintiffs have adequately pleaded economic injury under UCL.

    b.    *Causation*

The second prong of a UCL claim requires a showing that the unfair business practice caused the economic injury. See Kwikset, 51 Cal. 4th at 326. Defendant argues that Plaintiffs fail this causation prong because they did not show that they actually relied on the "allegedly deceptive or misleading statements" and that it "was an immediate cause" of their injury. (Mot. at 21 (quoting Kwikset, 51 Cal. 4th at 326–327).) But this is precisely what Plaintiffs allege, repeatedly. (See TAC ¶ 50 ("Plaintiffs and the Class would not have purchased the reduced-price cleaning appointments had they been provided adequate disclosure of Homeaglow's Forever

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

Clean membership terms."); see also id. ¶¶ 6, 7, 65, 71, 86, 93.) Defendant refers to their law of the case theory to argue that Homeaglow did disclose the membership requirement and "Plaintiffs cannot allege a cause of action based on their own failure to read Homeaglow's disclosures." (Reply at 16.) But as already determined by this Court, Defendant's law of the case theory is not dispositive here. Therefore, Plaintiffs have adequately pled causation to support their UCL claim.

      c.    *The UCL Unlawful Prong*

In a final effort to obtain dismissal of Count One, Defendant argues that an FAL violation can only be a predicate for a "fraudulent" act under the UCL, not an "unlawful and/or unfair act" as Plaintiffs allege. (See Mot. at 21.) But Defendant fails to provide law suggesting that a FAL violation *cannot* be a predicate violation of UCL. By contrast, Plaintiffs point to at least one other federal court that has found an alleged FAL violation to be a valid predicate under UCL's unlawful and unfair prongs. (Opp'n at 11 (citing to Roper, 510 F. Supp. 3d at 922).) Furthermore, even if Plaintiffs' FAL violation claim failed as a predicate, Plaintiffs still bring two other claims (ARL and Cal. Civ. Code § 1671) to underlie their UCL claim.

Therefore, the Court finds that Defendants have adequately pled a basis for the First Cause of Action, Violation of California's UCL, and **DENIES** Defendant's motion to dismiss.

      5.    *Second Cause of Action: False Advertising Law*

Under the Second Cause of Action, Plaintiffs allege violation of California's FAL, seeking public injunctive relief. Cal. Bus. & Prof. Code, §§ 17500; (TAC ¶¶ 60–66.) Defendant argues that Plaintiffs have not pled a factual basis to establish standing under the FAL. (Mot. at 22–23.) Courts equate the standing inquiry for UCL and FAL. See Hinojos v. Kohl's Corp., 718 F.3d 1098, 1107 (9th Cir. 2013) (finding the requirement for standing met under both the UCL and FAL based on a consumer's allegations that he would not have made a purchase but for the plaintiff's alleged misrepresentation); Guzman v. Bridgepoint Educ., Inc., No. 11-cv-69-WQH (WVG), 2011 U.S. Dist. LEXIS 120611, *13 (S.D. Cal. Oct. 19, 2011) (describing that to prove standing under FAL, the plaintiffs must show they "suffered injury in fact and [have] lost money or property as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

result of [the] violation."); <u>Veera v. Banana Republic, LLC</u>, 6 Cal. App. 5th 907, 916 (2016) (equating the standing requirements of UCL and FAL).

This Court's determination under Count One applies to Count Two: Plaintiffs adequately alleged facts regarding their personal, individualized loss of money. Additionally, Plaintiffs have again sufficiently alleged that they would not have purchased the voucher had they known about the recurring membership charges. (TAC ¶¶ 63–65.) The Court agrees with Plaintiffs that their alleged injury is the exact type that FAL was meant to redress: "they saw the false advertisement for a one-off discounted cleaning, relied on it, and were instead charged for undisclosed membership fees and/or cancellation fees." (TAC, ¶¶ 9-10, 63, 65; Opp'n at 11.)

Thus, as with their UCL claim, Plaintiffs have plausibly alleged standing for their FAL claim, and the Court **DENIES** Defendant's motion to dismiss the Second Cause of Action.

6. *Third Cause of Action: California's Consumer Legal Remedies Act*

Under Third Cause of Action, Plaintiffs allege violation of California's Consumer Legal Remedies Act ("CLRA") based on Defendant's alleged misrepresentations regarding the discounted voucher and Membership. Cal. Civ. Code §§ 1750; (TAC ¶¶ 67–72.) Defendant argues that Plaintiffs have not pled a factual basis to establish standing under the CLRA. (Mot. at 23–24.) Again, the standing requirements of the CLRA are essentially identical to that of UCL and FAL. <u>Veera</u>, 6 Cal. App. 5th at 916; <u>Hinojos v. Kohl's Corp.</u>, 718 F.3d 1098, 1108 (9th Cir. 2013).

As the Plaintiffs allege neither a unique legal standard for standing nor new facts for their CLRA claim, (see TAC ¶¶ 67–72.), the Court can align its determination with that of the UCL and FAL claims. Therefore, the Court **DENIES** Defendant's motion to dismiss the Third Cause of Action.

7. *Fourth Cause of Action: Breach of Contract*

Under the Fourth Cause of Action, Plaintiffs allege breach of contract. (TAC ¶¶ 73–79.) Plaintiffs allege that they entered into a contract with Defendant for a $19 home

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

cleaning, but Defendant breached the contract by tacking on a monthly membership fee to which Plaintiffs did not agree. (Id. ¶ ¶ 74–77.)

In their Motion to Dismiss, Defendant only argues their "law of the case" theory, repeating that this Court already determined that Plaintiffs had agreed to the monthly membership fee, and thus breach was impossible. (Mot. at 24.) As this argument is inapplicable, the Court **DENIES** Defendant's motion to dismiss the Fourth Cause of Action.

8.   *Fifth Cause of Action: Conversion*

Under the Fifth Cause of Action, Plaintiffs allege conversion, arguing that Defendant wrongfully took Plaintiffs' money by charging them for monthly membership fees and early termination fees. (See TAC ¶ ¶ 80–84.)

In California, conversion is comprised of three elements: "(a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages." 5 Witkin, Summary 11th Torts, § 810, 1115 (2025); Welco Electronics, Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2014). "Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment." McKell v. Washington Mutual, Inc., 142 Cal. App. 4th 1457, 1491 (2006); see PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 395 (2007). Conversion claims for money are appropriate when the opposing party has misappropriated, commingled, or misapplied specific funds held for the benefit of others. See Sandigo v. Ocwen Loan Servicing, LLC, No. 17-CV-02727-BLF, 2019 WL 2233051, at *21 (N.D. Cal. May 23, 2019) (summarizing Kim v. Westmoore Partners, Inc., 201 Cal. App. 4th 267, 284 (2011)).

Defendant argues that Plaintiffs have not adequately identified the money that is the subject of their conversion claim. (Mot. at 25.) Plaintiffs respond that their identification of the $49 per month membership charge and $100 charged upon early termination is sufficient. (See TAC ¶ 45; Opp'n at 12.) However, the Court agrees with Defendant that Plaintiff states no facts regarding the specific, exact sum of money they claim was the subject of conversion. (See Reply at 17.) Instead of providing details

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

regarding the number of months Plaintiffs incurred membership charges, the Plaintiffs state that "[t]he amount of money wrongfully taken by Defendant is capable of identification." (TAC ¶ 82.) This conclusory statement cannot hold. Additionally, the conversion claim seems inapposite to the facts of this case, as Plaintiffs do not allege that Defendant misappropriated, commingled, or misapplied funds held for their or others' benefit.

Therefore, finding that Plaintiffs have not plausibly alleged conversion, the Court **GRANTS** Defendant's Motion to Dismiss the Fifth Cause of Action.

9.  *Sixth Cause of Action: Unjust Enrichment*

Under the Sixth Cause of Action, Plaintiffs allege Defendant was unjustly enriched by Plaintiffs' monthly membership fees and early termination fee, neither of which Plaintiffs would have paid had Defendant disclosed material terms of the purchase agreement. (See TAC ¶¶ 85–87.)

Unjust enrichment, or restitution, is only available if an enforceable contract does not exist. See Durell v. Sharp Healthcare, 183 Cal. App. 4th 1250, 1370 (2010). Thus, Plaintiffs can only recover on a theory of unjust enrichment if the Court finds there is no enforceable contract covering the membership fee. (See Opp'n at 13.)

Defendant argues that, under their law of the case theory, an enforceable contract exists. (Mot. at 26.) But the Court has already dispensed with this argument. Furthermore, this Court need not yet determine whether an enforceable contract exists. At this stage of the pleadings, Plaintiffs are entitled to plead alternative theories of recovery, such as breach of contract and unjust enrichment. See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

Thus, the Court **DENIES** Defendant's Motion to Dismiss the Sixth Cause of Action.

10. *Seventh Cause of Action: Negligent Misrepresentation*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

Under the Seventh Cause of Action, Plaintiffs allege negligent misrepresentation, arguing that Defendant misrepresented an automatically-renewing membership with an early termination fee as a one-time deal for a $19 cleaning voucher. (See TAC ¶¶ 88–94.) The elements for negligent misrepresentation are (1) "the defendant made a false representation as to a past or existing material fact"; (2) "the defendant made the representation without reasonable ground for believing it to be true"; "(3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages." West v. JPMorgan Chase Bank, N.A., 214 Cal. App. 4th 780, 792 (2013). Unlike the Defendant claims, (Mot. at 26–27.), in California, negligent misrepresentation need not satisfy the heightened pleading standard of Rule 9(b). Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 418 (C.D. Cal. 2012).

Plaintiffs plead that Defendant "omitted, failed to disclose, and intentionally concealed from such advertisements and related statements material facts concerning billing for an automatically-renewing membership, cancellation of the membership and the associated early termination fee..." (TAC ¶ 89.) Defendant's only argument that this claim is not well-pleaded is rooted in their law of the case theory: the Terms and Conditions apprised consumers of the terms of the cleaning voucher and accompanying Membership. (Mot. at 27.) As this argument is inapplicable, whether the Terms and Conditions adequately apprised consumers of the terms of the material facts is an open question. Given this, the Court finds that Plaintiffs have adequately plead their negligent misrepresentation claim.

Therefore, the Court **DENIES** Defendant's motion to dismiss the Seventh Cause of Action.

11.   *Eighth Cause of Action: Imposition of an Illegal Penalty*

Under the Eighth Cause of Action, Plaintiffs allege that Defendant imposed an illegal penalty, constituting liquidated damages, through their early termination fee under Cal. Civ. Code § 1671(d). (See TAC ¶¶ 95–99.) Homeaglow's early termination fee is the difference between a full-priced cleaning and a reduced-price cleaning. (Id. ¶ 15.)

Liquidated damages are defined as "an amount of compensation to be paid in the event of a breach of contract, the sum of which is fixed and certain by agreement. . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

Chodos v. West Publ'g Co., 292 F.3d 992, 1002 (9th Cir.2002). "Although the validity of a liquidated damages provision is a fact-based inquiry not appropriately determined on a motion to dismiss, whether a provision is a liquidated damages provision is a question of law for the court to decide." Bayol v. Zipcar, Inc., 78 F. Supp. 3d 1252, 1255 (N.D. Cal. 2015). The parties first argue whether the early termination fee is a form of liquidated damages or an alternative to performance. (See Mot. at 28–29; Opp'n at 13–14; Reply at 19.)

If the payment of a specified fee is not triggered by breach or default, but rather by one of the parties changing their mind, "the payment is considered merely an alternative to performance," not liquidated damages. Morris, 128 Cal. App. 4th at 1314. But the parties must have a "real and rational choice" at the time of contracting for the fee to be an alternative to performance. Blank v. Borden, 11 Cal. 3d 963, 970–72 (1974); Hutchinson, 396 Fed. App'x at 333-34 (finding an early termination fee was an alternative to performance because customers intentionally chose a contract with up front and monthly discounts, accepting that the benefits came with the catch of the early termination fee). Because Plaintiffs repeatedly plead that they would not have purchased the reduced-price cleaning appointments had they been provided adequate disclosure of Homeaglow's Forever Clean membership terms, the Court finds there was no "real and rational choice." Id.; (see TAC ¶ 6, 7, 50, 65, 71, 86, 93).[2] Therefore, the early termination fee was a penalty, not an alternative to performance.

Under Cal. Civil Code § 1671, a provision in a consumer contract liquidating damages is void unless the party seeking enforcement of the liquidated damages shows that (1) fixing the amount of actual damages is impracticable or extremely difficult, and (2) the amount sought represents a reasonable effort to fairly compensate for the loss sustained. Cal. Civ. Code § 1671(d). Absent Defendant's proof of both of these elements, the provision is void. Bayol, 78 F. Supp. 3d at 1259.

Defendant argues that actual damages cannot be determined unless and until a consumer cancels their membership early. (Reply at 19.) Defendant also suggests that the fee is a reasonable effort to estimate fair compensation: the difference between a "full

---

[2] As discussed in Section III.2 of this Order, claims from the "Early Termination Fee Class" are dismissed because Plaintiffs cannot properly allege that all of its members canceled their memberships and incurred the fee because they did not know prior about the recurring membership charges.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02308-JVS-ADS | Date | September 23, 2025 |
| Title | Seth Seneca et al v. Homeaglow Inc. et al | | |

price" and discounted cleaning. (Id.) But Plaintiffs allege that the early termination fee is not just a reasonable measure of actual damages. (Opp'n at 13; see TAC ¶ 26.) Instead, they claim that consumers wanting to cancel "have to pay a penalty in the amount of the artificially high 'full price' of the initial cleaning which is designed to enrich Defendant." (Id.) Yet, Plaintiffs make the claim that Defendant artificially exaggerates their prices, driving up the cost of the early termination fee, without any factual basis or support.

Speculation cannot serve as the basis of a well-pleaded claim. Thus, in the absence of factually-supported allegations suggesting that Defendant's early termination fee is a penalty, rather than an attempt to approximate actual damages, Plaintiffs have failed sufficiently plead a violation of Section 1671(d).

Therefore, the Court **GRANTS** Defendant's motion to dismiss the Eighth Cause of Action, with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Request for Judicial Notice. The Court also **GRANTS** the motion to dismiss all claims involving the "Early Termination Fee Class," and the Fifth and Eighth Causes of Action in their entirety, with leave to amend. Further, the Court **DENIES** the motion to dismiss the First, Second, Third, Fourth, Sixth, and Seventh Causes of Action.

**IT IS SO ORDERED.**